M’Girk, C. J.,
delivered the opinion of the Court.
The appellant obtained an injunction in the Circuit Court, to stay proceedings on a judgment at law, and on the coming in of the defendant’s answer, the Circuit Court dissolved the injunction, and decreed costs and damages to defendants, from which the complainant appealed, and the defendants moved to dismiss the appeal, because the decree is not final.
This, we think, is a case entirely depending on the words of the statute, giving an appeal to this Court.
The first statute which mentions the subject, is found in the Digest, p. 261, the words of which, are :■ “ If any person shall feel himself or herself aggrieved hy the final decision or judgment of any Court of Common Pleas, (now Circuit Court,) it shall and may he lawful for such person to appeal,” &c. This statute was passed in the year 1807; at that time, there was no law extending chancery jurisdiction to the Courts in the Tenitory, In 1811, chancery jurisdiction was given to the superior Court. On the 21st December, 1818, a statute was passed, purporting, by the preamble, to be an act supplementary to the act of 1811, on the subject of chaficery proceedings j by this act, chancery jurisdiction is given to the Circuit Courts. The second section provides, “ that in all cases in the Circuit Court, the party dissatisfied with the determination or decree of the Circuit Court, shall have the right to appeal to the superior Court,” Ac.
This statute, which was made to give chancery powers to the Circuit Court, says nothing about the quality of the determination or decree, from which an appeal may be taken. It must be understood, then, in reference to existing laws on the subject of appeals, which, in cases purely legal, by the statute, were only allowed when the decree or judgment is final. If an appeal from an interlocutory decree, in chancery, were allowed, a cause would scarcely ever end, and would, and might be, so carved up, that when the chancellor would be ready to pronounce a final decree, the fragments of the cause would be to collect, and' the proceedings would be involved in endless perplexity. We are clearly of opinion, the appeal is premature, and if injury has been done, the chancellor will rectify it on the final hearing..
Let the appeal be dismissed.