HOME MUTUAL INSURANCE COMPANY vs. BAUMAN.

On motion to dissolve an injunction, the plaintiff is entitled to a trial on the merits; and, after a dissolution, to a jury to assess the damages.

Home Mutual Insurance Company vs. Bauman.

## APPEAL from the St. Louis Circuit Court.

### HILL, for appellants.

1. The judge of the circuit court erred in refusing to grant plaintiffs a new trial on the merits by a jury, upon the dissolution of the injunction. The plaintiffs were entitled to a jury by the constitution of this State; and to a trial on the merits under the practice in chancery after the dissolution.

II. The judge erred in assessing the damages on the dissolution of the injunction, without a jury, the plaintiffs having demanded a jury. Art. 9 and 12.

III. The judge erred in refusing to allow the amendment of plaintiff's petition. Art. II, § 3 and 5.

IV. The judge erred in permitting the conversations of Houck to be proven, no foundation having been laid for their introduction by a previous examination of Houck on the same points.

V. The judge erred in dissolving the injunction; for the whole testimony in the case, established beyond all reasonable doubt, that the injunction should have been retained; and that the application to dissolve it should have been refused.

VI. The judge should have decided the motion to dissolve according to the weight of testimony—art 9, § 16; and the dissolution of the injunction order in this case upon the testimony offered was an error in law as well as of fact.

### SPALDING & SHEPLEY, for appellant. .

I. The court erred in dismissing the petition; and refusal of a new trial on the merits by a jury; acts 1848, § 16, 17, 18. 1st. The record shows that the only thing before the court was the motion to dissolve the injunction. It had been made some time before, and was on the law docket. The case was not on trial on a hearing on the merits. 2d. The new practice act authorizes the parties (sec. 16, p. 86) to introduce testimony on such motion; which they both did in this case; but it was on the hearing of the motion still, and not on the final trial. 3d. This act has not changed the nature of a motion to dissolve. It is, as it always was, everywhere, a mere collateral matter, like a motion to quash an indictment, or to exonerate bail, and the like. It has nothing to do with the merits of the case; and whether the motion were sustained or overruled, there must still be a trial of the case at the proper time. 1 Daniel's Chan. 1819-10, as to injunctions. Ib. 1822. When answer filed, application may be made to dissolve; p. 1828; but injunction will be continued till hearing of the case, i. e. the trial on the merits, unless the answer denies equity. Ib. p. 1831, where injunction is continued. The cause in equity should be prosecuted to a hearing; if there be intentional delay by plaintiff in bringing the cause to trial, the court will dissolve the injunction.

Ib. 1900. Though plaintiff may have failed to obtain an injunction provisionally, or may have failed to sustain it after answer filed, yet he is at liberty to claim it at the hearing: 1 Swans. 550; ib 1903. Injunctions are never made perpetual, except at the hearing of the cause, page 1897, bill must not be dismissed; 4 Hen. & Mun. 159; Blow vs. Taylor—that after dissolution, plaintiff has the right to continue suit, and it is error to dismiss bill.

II. The court erred in refusing a jury to asses the damages on the injunction. Act of 1848-9, p. 85, § 12, provides that on the dissolution of an injunction, a jury shall assess the damages, unless it is waived by the parties. In is in vain to say that a jury must have found in the same way; the law leaves the matter to the jury.

III. The court erred in refusing to permit the amendment acts of 1848-9, p. 87, art. I. These provisions contemplate amendments made in all stages of the cause, even on and after trial, when it is in furtherance of justice. The amendment prayed for, and offered here was

such as could not prejudice the opposite party; for the original petition gave full notice of the whole case, and the amendment was principally directed to a specific prayer for relief.

IV. The court erred in sustaining the motion to dissolve the injunction:

1. By the practice of courts of equity, it is a matter of discretion with the court, whether the injunction shall be dissolved upon filing the answer denying the equity of the bill—the answer itself being, according to that practice, considered as true, so far as it does not impeach or invalidate itself; 3 Daniel's Chy. 1831, note; 1 Dev. Eq. 429; 1 Paige 426; 1 Iredell's Eq. 194; Green's Chy. 439; 3 Sumner 75, 76.

2. But according to our present act of assembly, governing the matter, the answer is not taken to be true; and in this case, the petition and answer are conflicting; and are to be laid out of the question. The right of testimony is with the plaintiff, and the court is required by art. 9 § 18, new code of practice, to decide the motion according to the weight of testimony; and the motion to dissolve should have been overruled.

V. There were merits in the petition. It alleged gross fraud, in the defendant, which was not known to plaintiffs until after the adjustment of loss and giving the order for payment; and of fraud, equity has jurisdiction; and the collection of the money ought to have been enjoined in the case as stated in the bill. 3 Dan. Chy. 1844—Fraud, accident, mistake and discovery, are four of the principal grounds upon which injunctions may be applied for.

2 Story's Eq., sec. 885: "In general, it may be stated that in all cases where, by accident, mistake, fraud, or otherwise, a party has had an unfair advantage in proceeding in a court of law, &c., courts of equity will interfere; ib. sec. 906, 907, 908, restraining alienations of property, &c., sec. 955. Story Equity, sec. 184: Courts of equity possess an universal concurrent jurisdiction with courts of law, in cases of frauds cognizable in the latter. 1 Sty. Eq. sec. 140: Contracts under mistake or ignorance of fact, are avoidable and relievable in equity.

A promise to pay, as by adjustment of insurance loss, is void if obtained by fraud. 1 Hammond on Ins. 126; Herbert vs. Champion, 1 Camp. 134.

If fraud is discovered after a loss is paid, the money can be recovered back; and even if the assured has recovered his insurance by process of law, and the insurers receive intelligence of fraud; which they did not know whilst the suit was pending, they may maintain an action to recover back the money. 2 Marsh. 740; Bilby v. Lumley; 2 East. 469.

VI. Improper evidence was admitted as to Houck; the preliminary examination not having been such as to authorise the testimony given as to his sayings and acts. 2 Barb. Sup. Court, R. 210; 1 Wood & M. 473 (22 E. C. L. R. 360.) In this case Chief Justice Tindel says that "before you can contradict a witness by showing that he has at some other time said said something inconsistent with his present evidence, you must ask him as to the time; place and person involved in the supposed contradiction."

VII. The court erred, when, after the injunction was dissolved, the plaintiff demanded a trial of the cause, and called for a jury. It was then the duty of the court, either to have tried the case or continued it till a trial could be had. No jurisdiction whatever for dismissing the petition appears on the record.

VIII. The plaintiffs made out in proof, a case of gross fraud and the injunction ought not to have been dissolved.

IX. If the scope of the petition is limited to proof of concealment by any defect in the form of the prayer, the court should have allowed the amendment; if the scope of the petition reaches the whole case, then the court below erred in refusing a trial on the merits; for the dissolution of the injunction did not dispose of the whole merits of the case, but only of the restraining order, which is declared by the 31-2-3, 18 and 19 § of art. 9 to be provisional.

X. On the motion to dissolve neither party had a right to demand a jury; the act art. 9 § 16, requires that the court shall decide the motion. A jury could not have been had on this motion, and it would have been error to have tried the motion to dissolve by a jury.

XI. It cannot be contended in this case that the judgment should only be reversed for the

assessment of damages by the judge; the fraud proved by incontrovertible testimony, the refusal of the court below to permit the amendment; the error of the court in dissolving the injunction, against all the testimony in the case; the unlawful assessment of damages in the face of the statute; and the arbitrary dismissal of the suit without any right or pretence of right to do so, and expressly violating the 19th § of art. 9, and the 6th § of art. 13, and the 1st § of art. 15, authorize and require that the whole judgment, and all the orders in the case should be reversed.

XII. It is idle for the defendant to contend that this is a case where the verdict has been rendered for the right party, or that any modification of the judgment would subserve the ends of justice. The plaintiff asks for a full reversal, so that they can obtain justice, and it will be seen from the evidence and proceedings that the case requires it.

XIII. This court has full power under art. 19, § 4, to review any immediate order involving the merits necessarily affecting the judgment.

XIV The plaintiffs, when they commenced their action, had no other remedy; and having perpetuated their testimony in this action, which they cannot again obtain, they must have their reasonable right to a fair trial on the merits in this case, or they will lose the benefit of their testimony. We therefore ask a full reversal in all the points.

## POLK, for respondent.

I. It appears from the deposition of the witness, Houck, preserved in the bill of exceptions, that he was asked, "have you not stated heretofore that you was knocked down and robbed of some of the goods you were taking up?" The witness answered, "I never stated that I was knocked down and goods taken from me. I didn't state so to Friede, nor to Irefelder, nor to Mueller, nor to Langsdorf." The deposition shows that the question so put and answered was objected to before the justice of the peace. But the record does not show that there was any ruling of the circuit court on this subject. Nor does it show that there was any objection even made to the evidence on the trial. In such a condition of the record, it is submitted that no error can be assigned in this court on that point.

II. Afterwards, the witness Friede was about to state that Houck had told him that a man had thrust his hand into the show case containing Bauman's goods, took some of them and ran away with them. Though objected to, the court below allowed the witness to make the statement, and I hold, rightly allowed it. Because the witness, Houck, had already testified that he had told Friede no such thing.

III. The witness Houck was asked on cross-examination, if when he was leaving Bauman's employment with B.'s watches in his trunk, he did not admit that he had taken them? This question he refused to answer. Afterwards, when a witness, Schnader, was asked what he had heard Houck say about these watches, plaintiff's counsel objected, saying that Houck had not been interrogated on this matter. But the record shows the contrary to be the fact, that he had been interrogated and had refused to answer.

IV. The circuit court properly refused plaintiff's motion to amend the petition. All the evidence of plaintiff in the first instance had been given, and all the evidence of the defendant had also been given, before the motion to amend was made. And the amendment, moreover, was one that proposed to substitute or add a cause of action entirely different from that contained in the original petition against which the defendant had come prepared to defend himself, and on which the proof of both plaintiff's and defendant had been taken.

Under such circumstances, if the amendment had been allowed, instead of "being in furtherance of justice," as is required by the new code, (art. II, sec. 5) it would have wrought the most flagrant injustice.

The New York Code on this matter of amendments is substantially the same as ours, and I refer the court to the following case, decided by a New York court, on the matter of amendments under their code. Dutcher vs. Slack, 1 Cod. Reporter, 113.

V. The court below committed no error in dissolving the injunction. The answer fully denied all the m terial allegations in the bill, and the proof adduced sustained the answer.

VI. The circuit court was authorized to pass upon the motion to disobey the injunction, upon all the evidence offered on it. N. Y. Code of Practice, art. 13, sec. 6 & 7; ib art. 9 sec. 16. And the record shows, moreover, that on t iis motion neither party required a jury.

VII. The circ. it court was justified in dismissing the petition. The m rits of the case were fully presented by both parties on the hearing upon the motion to dissolve, and the court was satisfied that there was no equity in the petition. I admit that the dismissal ought to have been without prejudice, and if this court shall think that it was not so dismissed, or that it ought to have been so stated expressly, I think this court is called on to make a decree having that effect. Thus the Insurance Company will have an opportunity in Bauman's suit on the order to show that, if it can be done, the order was procured by fraud. Code of Practice, art. 19, sec. 17.

VIII. If this court shall think that damages on the dissolution of the injunction ought to have been assessed by a jury, still, by the 5th section, 19th art. Prac. Code, this court is authorized to modify the judgment of the circuit court, it is submitted that it ought not to reverse the entire judgment of the circuit court, and remand the whole cause, but affirm all the judgment except that part of it on the subject of damages, and order the court to empannel a jury to assess damages.

RYLAND, J. delivered the opinion of the court.

This was a petition under the act concerning practice in courts of justice. The object was to set aside an adjustment of a loss by fire on a policy of insurance, and to vacate an order for $4200, given upon the adjustment. An injunction was granted restraining the negotiation of the order, &c.

The defendant answered.

A motion was made by the defendant to dissolve the injunction. The court below sustained the motion, and assessed the damages without a jury, although one was demanded by the petitioner below. The court then dismissed the petition, although the plaintiff demanded a trial by jury upon the merits. During the progress of the cause below, the plaintiff moved the court for liberty to amend the petition—filing affidavit in support of the motion. This motion the court overruled.

In this case the plaintiff (or petitioner) was entitled to a trial on the merits, and it was error for the court to refuse a jury on the trial of the merits, or on the assessment of damages after the dissolution of the injunction. The new act concerning practice expressly provides for a jury trial in such cases. We think the court might have allowed the amendment to the petition as prayed for; the statute contemplates such amendments, and the court should be liberal in granting such when the ends of justice are promoted thereby.

The object of the petition was not fully attained by the mere order enjoining or restraining, but it was to have the adjustment set aside and to ascertain the true amount of the loss for which the order for $4200

, was given. This involves the merits of the whole controversy between the parties in regard to the loss, the adjustment, and the order thereon. The plaintiff was entitled to have the case tried by a jury; and to have a jury to assess the damages, and for the refusal of the court to grant this to the plaintiff, the judgment below will be reversed and the cause remanded.