A. WITTHAUS ET AL., Appellants, v. WASHINGTON SAVINGS BANK, Respondent.

St. Louis Court of Appeals, June 2, 1885.

1. APPEALS—DISSOLUTION OF INJUNCTION.—An appeal does not lie from an order dissolving a temporary injunction and awarding costs against the sureties on the injunction bond.

2. ———. An appeal will lie from an assessment of damages on an injunction bond after the dissolution of the temporary injunction, although the cause be still pending.

3. ——— INJUNCTIONS—CLOUD ON TITLE.—An injunction will not lie to restrain a sheriff's sale on the ground that a cloud would thereby be cast upon the title.

APPEAL from the Warren County Circuit Court, ED-WARDS, J.

*Affirmed.*

PEERS & MORSEY, for the appellants. An execution sale will be enjoined where the sale, if made, would cast a cloud on the title of the complainant. Hillard on Injunctions, p. 234; *Key v. Munsell*, 19 Iowa 305; *Pixley v. Higgins*, 15 Cal. 127; *Mechanics' Bank v. City of Kansas*, 73 Mo. 559; 24 Mo. 20; 37 Mo. 228; 47 Mo. 474.

L. J. DRYDEN and W. L. BEYERSDORFF, with whom is RUDOLPH HIRZEL, for the respondent. The appeal

should be dismissed. Rev. Stats., sects. 3635, 3636, 3717. An injunction will not lie to restrain a sheriff's sale. *Drake v. Jones*, 27 Mo. 428, 433 ; *Kuhn v. McNeil*, 47 Mo. 389.

THOMPSON, J., delivered the opinion of the court.

We perhaps ought to state for the guidance of the clerk of the circuit court in future cases that the record in this case is not properly made up. A great many papers are copied into that portion of the record which precedes the bill of exceptions, which, not being called for by the bill of exceptions, form no part of the record at all. The record proper in a case consists of the pleadings, a memorandum of the return of process, the entry of judgment and entries of some other orders which emanate from the court. Memoranda of the filing of papers and of the contents thereof form no part of the record, unless called for by the bill of exceptions, and then they should only be copied into the bill of exceptions.

A preliminary question is raised in this case, whether the appellants have taken their appeal in time. This was a proceeding in equity to enjoin a sheriff's sale of certain land, on the ground that such a sale would cast a cloud on the plaintiffs' title. At the October term, 1882, and on the 25th of November, 1882, the cause came on for "final hearing," as the bill of exceptions recites, at which time, according to the same recitals, "the entire cause, both as to questions of law arising upon the petition and answer, and upon the motion to dissolve the injunction, and upon the introduction of testimony, was submitted upon the pleadings and the evidence." The court, on that day, rendered judgment sustaining the motion to dissolve the temporary injunction, and, at the same time, rendered judgment against the plaintiffs and their sureties in the injunction bond for the costs, and awarded execution therefor, but rendered no judgment dismissing the suit, or otherwise finally disposing of the cause. On the same day the defendant filed a motion to assess damages, and, this being the last day of the term, this motion was continued. On the same day the plain-

tiffs filed a motion for new trial, which was on the same day overruled. No bill of exceptions was tendered by the plaintiffs at that term, nor was any appeal prayed for or granted. At the next succeeding term, the April term, 1883, the motion to assess the damages was again continued to the October term, 1883. At the October term, 1883, this motion came on for hearing; a jury was empaneled; the damages were assessed; the plaintiffs seasonably moved "in arrest of judgment and for a new trial" of this assessment of damages, which motion was overruled and the plaintiffs excepted; and their bill of exceptions, embracing their exceptions taken at the hearing of the motion to dissolve, and at the hearing for the purpose of assessing the damages, was signed at the same term.

In this state of the record the question is, whether the appeal was taken in time. Certainly the appeal can not be entertained as an appeal from the order dissolving the temporary injunction and awarding costs, because it is settled that no appeal lies from such an order. *Johnson v. Board of Education,* 65 Mo. 47; *Tanner v. Irwin,* 1 Mo. 65; see, also, *Harrison v. Rush,* 15 Mo. 175. The reason is that such an order is not deemed final. The suit is still depending in the circuit court, and, for aught we can see from the record, the injunction may yet be restored. It is true that in this case an injunction was the sole object of the suit; but the order to which we have referred appears distinctly to have been an order sustaining a motion to dissolve a temporary injunction which had been granted. The suit is not dismissed; no general judgment is rendered in favor of the defendants, but only a judgment for costs. This judgment, being rendered again against plaintiffs and their sureties in the injunction bond, can only be a judgment for the costs caused by the injunction. This cause is, therefore, still pending in the circuit court of Warren county, as far as appears from this record.

The remaining question is, whether the appeal is operative as an appeal from the judgment awarding damages on the injunction bond. It would seem from the *dictum*

of Adams, J., in *St. Louis Zinc Co. v. Hesselmeyer*, 50 Mo. 181, that such an appeal will lie. He states that the sureties in the injunction bond would have such an appeal; and for reasons equally strong it would be allowed to the principal. And this, upon principle, would seem to be a "final judgment or decision," within the meaning of section 3710, Revised Statutes, which defines the cases in which appeals may be taken. It relates to a thing which is entirely past; assesses damages for a wrong which is ended; awards execution for the same; and is a final judgment disposing of substantial rights to all intents and purposes as much as though the suit had been dismissed. But as no exceptions were saved to any rulings made by the court in the proceeding to assess damages on the bond, and as the evidence which was offered in this proceeding is not preserved in the bill of exceptions, nor the instructions which were given or refused, there is nothing before us touching that proceeding for review, and we must, therefore, affirm the judgment assessing the damages.

As the cause is still depending in the circuit court of Warren county, and, for aught we can see, may be again called up for final disposition, it may be well in order to save the costs of a future appeal, to indicate to the counsel for the plaintiffs our opinion that there is no equity upon the face of the petition. A sale of the right, title, and interest of B., in land which may be owned in fee simple by A., does not cast a cloud upon the title of A.; and it is settled in this state that an injunction will not be granted against a sale of land under execution, on the ground that such a sale will pass no title, and will cast a cloud on the title of the true owner. *Kuhn v. McNeil*, 47 Mo. 389; *Drake v. Jones*, 27 Mo. 428.

The judgment is affirmed. All the judges concur.