G. KAUFFMAN ET AL., Respondents, v. HENRY F. HAR-RINGTON, Appellant.

St. Louis Court Appeals, December 7, 1886.

1. APPELLATE PRACTICE—REVIEW—EXCEPTIONS—MOTION FOR NEW TRIAL.—Appellate courts will not review objections made at the trial unless proper exceptions are saved at the time and by motion for a new trial.

2. INSTRUCTIONS—MUST BE RELEVANT.—Instructions which are not relevant to the issues are properly refused, notwithstanding they embody correct propositions of law.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Affirmed.*

NATHAN FRANK, for the appellant: All that was relevant was the amount of the judgments and the date of the confessions, and the parties' statements therein contained were immaterial and irrelevant. *Foster v. Nowlin*, 4 Mo. 1; *McMahan v. Geiger*, 73 Mo. 145; Freeman on Judgments.

MILLS & FLITCRAFT, for the respondents: The point is not made in the motion for a new trial, and this court will not consider the objection when urged here for the first time. *Daily v. Singer Manfg. Co.*, 14 Mo. App. 597; affirmed in S. C., 88 Mo. Rep., 301; *Girls' Ind. Home v. Fritchey*, 10 Mo. App. 344; *Ward v. Quinlivan*, 65 Mo. 453.

ROMBAUER, J., delivered the opinion of the court.

This is an action of replevin whereby the vendor seeks to assert his title and right of possession to certain merchandise, claiming that its sale was voidable for fraud. The merchandise at the date of its seizure under this writ, was in possession of the defendant who as sheriff had seized it under a writ of attachment issued at the instance of one of the vendee's creditors. The plaintiff recovered judgment in the trial court, the jury under the instructions of the court finding that the sale was voidable, because the merchandise was purchased by the vendee with a fraudulent intent of never to pay for the same.

There is no complaint made here that the instructions given were erroneous, but the appellant relies on the following points for reversal. 1. That the court erred in permitting the plaintiff to read to the jury the statements forming part of certain confessions of judgments made by the vendee preceding his failure. 2. That the court erred in permitting counsel for the plaintiff in his argument to the jury to go outside of these statements and make unwarranted inferences. 3. That the court erred in refusing to instruct the jury that the vendee had a right to confess these judgments. 4. That certain irrelevant and incompetent testimony was admitted on an issue not submitted to the jury.

On the first point it may be said, that when the statements forming part of these confessions were offered in evidence, the court intimated that they were admis-

sible for the purpose of showing when the indebtedness thereby secured was contracted. The financial condition of the vendee at the date of the purchase in question was a legitimate inquiry as bearing upon the intention of the purchaser in making the purchase, and evidence of any fact bearing upon that question was clearly relevant. Moreover the record fails to disclose that the defendant's objections to this testimony were placed on any specific ground, which of itself would justify the trial court in disregarding them. *Rosenheim v. Ins. Co.*, 33 Mo. 230, 235 ; *Coughlin v. Haeussler*, 50 Mo. 126, 129.

The objection that counsel's argument to the jury was improper cannot be entertained here, as the remarks were not objected to when made, and are not even complained of by motion for new trial. *The State v. Mc-Chesney*, 16 Mo. App. 259, 270.

The instruction that the vendee had a right to confess the judgments offered in evidence was properly refused. It was an instruction assuming facts and entirely foreign to the merits of the controversy. The judgments were offered in evidence for the purpose of showing the vendee's financial condition at their date, and by inference his probable financial condition at the date of the purchase. No claim was based by the vendor, under the issues submitted to the jury, on any fraud in these confessions.

The admission of the irrelevant testimony complained of, consisted in certain declarations made by the vendee as to his financial condition anterior to the purchase. When this testimony was offered, the plaintiff's counsel stated that he intended to show that the sale was made on the faith of these representations. Not succeeding in this to the satisfaction of the court, the court at the close of the testimony withdrew this issue from the consideration of the jury. This was proper and in conformity with the intimation of the supreme court in *Glascock v. Railroad* (69 Mo. 589, 592).

Although no point is made by the appellant here,

objecting to the verdict as not supported by substantial evidence, yet, as that point was made in the trial court, both by demurrer to the evidence and motion for new trial, we have examined the testimony for the purpose of determining the merit of that objection, and find that it is not well taken.

All the judges concurring, the judgment is affirmed.