F. M. RICHARDS, Appellant, v. ADAM JOHNSON *et al.*, Respondents.

**St. Louis Court of Appeals, February 5, 1889.**

**Appeal**: INJUNCTION : FINAL JUDGMENT. An order of the trial court dissolving a temporary injunction and awarding costs, without any further disposition of the cause, is not a final judgment from which an appeal will lie.

*Appeal from the Douglas Circuit Court.*—HON. A. H. LIVINGSTON, Special Judge.

APPEAL DISMISSED.

*Thomas H. Musick* and *J. K. Reed,* for the appellant.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff filed his petition in the county court of Douglas county, stating that he was the owner of a certain house built on his property and that the defendants threaten to tear down and forcibly remove it, causing irreparable injury to his premises. The county court thereupon made a temporary restraining order, returnable to the circuit court of Douglas county. The defendants appeared in the circuit court and filed their answer denying the allegations of the plaintiff's petition, and also their motion to dissolve the injunction.

The record recites that thereupon a special judge was sworn to try the case, and concludes with the following entry.

"Now on this day come the parties plaintiff and defendants in their proper persons, as well as by their respective attorneys, and announcing ready for trial, the same is submitted to the HON. A. H. LIVINGSTON, special judge, who after hearing the reading of the pleadings and the evidence of the plaintiff and defendants, the court finds the house in controversy is the property of the defendants, wherefore the court doth order and adjudge and decree *that the temporary injunction heretofore granted be and the same is hereby dissolved and for naught held and that the defendants have and recover their costs and damages herein and have execution therefor.*" The italics are our own.

Appeals are allowed by our statute from final judgments only. That a judgment dissolving an injunction and for costs without making any other disposition of the cause, is no final judgment, has been frequently decided. It has also been decided that the fact that the injunction was the sole object of the bill makes no difference in that regard. *Tanner v. Irwine*, 1 Mo. 65; *Johnson v. Board of Education*, 65 Mo. 47; *Witthaus v. Bank*, 18 Mo. App. 183.

In conformity with these decisions, the only disposition we can make of this case is to dismiss the appeal, as we are bound to take judicial notice of the questions arising upon the record affecting our own jurisdiction.

Appeal dismissed. All concur.