ROSE et al., Appellants, v. TOWNSHIP BOARD OF COMBS TOWNSHIP et al.

### Division Two, June 11, 1901.

1. **Injunction:** FINAL JUDGMENT: APPEAL. The judgment dissolving a temporary injunction, restraining a township board from opening a road, recited that the plaintiffs were not entitled to the relief prayed for, that the injunction be dissolved, and that the defendants recover of plaintiffs their costs, and have execution therefor. *Held,* that the judgment was not a final one, and hence no appeal lay therefrom.

2. **New Trial:** MOTION: BILL OF EXCEPTIONS. Where, on appeal, the record recites that a motion for a new trial was filed and overruled, and the bill of exceptions recites the same fact, but the motion itself is not in evidence, nor copied into the transcript, and the bill of exceptions contains no direction to the clerk to copy the same, the motion is not sufficiently presented for consideration.

Appeal from Carroll Circuit Court.—*Hon. W. W. Rucker,* Judge.

APPEAL DISMISSED.

*J. B. Hale, Jas. F. Graham* and *Virgil Conkling* for appellants.

*Lozier & Morris* for respondents.

SHERWOOD, P. J.—Plaintiffs sought and obtained a temporary injunction to restrain defendants, among whom were the township board (which board had ordered a certain road to be opened), from opening such road.

On coming in of their answer, defendants moved to dissolve the temporary injunction, which motion was granted and plaintiffs have appealed to this court.

Omitting caption, the judgment, so far as necessary to quote it, is the following: "That the plaintiffs are not entitled to the relief prayed for, that the injunction formerly granted in this cause to prevent the defendants, his (sic) servants and agents from opening a public road, etc., be, and the same is hereby dissolved, and that the defendants recover of the plaintiffs their costs and charges in this behalf expended and thereof have execution."

This is not a final judgment and no appeal lies therefrom. [Tanner v. Irwin, 1 Mo. 65; Johnson v. Board of Education, 65 Mo. 47; Witthaus v. Bank, 18 Mo. App. 181; Richards v. Johnson, 34 Mo. App. 83.]

But even if there had been a final judgment in this cause, it is not seen how this would better plaintiffs, because although the record proper recites that the motion for a new trial was filed and overruled, and although the bill of exceptions recites the same fact, yet the motion itself is not in evidence.

As pointed out in State v. Griffin, 98 Mo. 672, and subsequent cases, the old law has been so changed that, so far as concerns motions for a new trial, motions in arrest and instructions, they need not be copied into the bill of exceptions, pro-

vided they are copied into the transcript, and the bill of exceptions contains a direction to the clerk to copy the same; but these statutory provisions were not complied with in this instance.

For lack of a final judgment the appeal is dismissed. All concur.