## PHILLIPS et al., Appellants, v. JONES et al.

### Division Two, June 30, 1903.

1. **Appeal:** INSUFFICIENCY OF EVIDENCE: NO MOTION FOR NEW TRIAL. Where there is no motion for a new trial incorporated in the bill of exceptions the appellate court can not consider an assignment that the evidence is insufficient to sustain the verdict.

2. ———: ———: ———: PRESERVED IN THE RECORD. A copying by the clerk of a motion for a new trial into the record proper, does not preserve it or any part of the bill of exceptions for review. Such motion can be preserved only in the bill of exceptions, since it is a matter of exception.

Appeal from Lawrence Circuit Court.—*Hon. H. C. Pepper,* Judge.

AFFIRMED.

*J. W. Farris* and *R. S. Phillips* for appellants.

*J. L. Newhouse* for respondents.

GANTT, P. J.—This is an appeal from the circuit court of Lawrence county. The action is ejectment for certain lands in Laclede county. It was originally brought in Laclede county and a change of venue awarded to Lawrence county.

The judgment was for defendants and plaintiffs appeal. A jury was waived and the cause was tried to the court. No errors are assigned on the record proper. The only point assigned in brief and argument of counsel are the insufficiency of the evidence to sustain the judgment, and the admission of evidence.

There is no motion for a new trial incorporated in the bill of exceptions, and as error in the admission and rejection of evidence can only be made to appear in a bill of exceptions, and as such errors can only be reviewed in this court after the attention of the circuit

court has been called to them in a motion for new trial, it is plain that there is nothing before us for review. It is true that in the transcript a motion for new trial is copied into the record proper by the clerk but the preservation of these motions is the special and exclusive office of the bill of exceptions. They can be preserved nowhere else. No recital in the record proper will have any such effect.

In Nichols v. Stevens, 123 Mo. loc. cit. 119, it was ruled that, "A recitation in the record of matters not properly belonging thereto can not be noticed in an appellate court. Matters which are not in fact a part of the record can not be made such by the mere recital of the clerk." Citing Parkinson v. People, 24 N. E. 772; Gould v. Howe, 127 Ill. 251. [Ryan v. Growney, 125 Mo. 474; State v. Revely, 145 Mo. 660; State v. Burdett, 145 Mo. 674; State v. Gilmore, 110 Mo. 1.]

This court in a long line of decisions has held that it will not consider objections to the action of the circuit courts which were not brought to the attention of the circuit court by a motion for a new trial. [Ross v. Railroad, 141 Mo. 390; Matlock v. Williams, 59 Mo. 105; State v. Harvey, 105 Mo. 316.]

We have then before us nothing but a copy of the evidence taken on the trial.

The alleged errors on which the appellant relies were not called to the attention of the circuit court, so far as the bill of exceptions discloses, and, hence, so far as this record shows to the contrary, no exceptions were saved to the action of the circuit court. It is most unfortunate that counsel overlooked these essential prerequisites to a review by this court, and thus incurred the cost and delay of this appeal, but the practice has been too long settled to justify us in making an exception of this appeal.

It results that we must affirm the judgment, and it is accordingly so ordered.

All concur.