TAYLOR, Plaintiff in Error, v. BROTHERHOOD OF RAILROAD TRAINMEN, Defendant in Error.

St. Louis Court of Appeals, April 12, 1904.

1. **APPELLATE PRACTICE: Motion For New Trial.** An appellate court will deny relief when the trial court has had no opportunity, on motion for new trial, to correct its own errors.

2. ————: **Bill of Exceptions.** An agreed statement of facts is not a part of the record unless made so by a bill of exceptions.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville,* Judge.

AFFIRMED.

*Patterson & Patterson* for plaintiff in error.

*Tatlow & Mitchell* for defendant in error.

BLAND, P. J.—The defendant is an unincorporated beneficiary association having a grand and subordinate lodges, a constitution and by-laws. The suit is to recover on a policy of insurance issued by the defendant to the plaintiff. The petition alleged, in substance, that the policy had become due and payable by reason of the fact that the assured had been totally and permanently disabled by the loss of the use of one arm and hand in a railroad accident. The issues were submitted to the court on an agreed statement of facts (set out in the appellant's abstract). The court, on this agreed statement of facts, found the facts as follows:

"The court finds the facts to be that agreeable to the agreed statement of facts, the plaintiff is a railroad brakeman; and in October, 1899, held a policy or certificate of insurance No. 92878 in defendant company, and that he suffered an injury and accident at Marshfield in the performance of his duties as a railroad brakeman, which was in its nature a compound fracture of the humerus, separating from the body of the bone the external condyle, the bone penetrating the skin and flesh; that during the time of the treatment and reduction of the fracture a small portion of the bone was removed and separated entirely from the body; that the small portion of the bone, to-wit, the external condyle, has never become united by ossification with the body of the bone, but is united by ligamentary tissue at the present time; that the movement of the forearm is materially interfered with, both in its extension and flexion

and its lateral movements; that the plaintiff can use his arm for a great many purposes, but its full use for any purpose is seriously impaired, and its use for many purposes is seriously impaired, and for some purposes totally lost; that there is no reasonable probability that the fracture will ever be united to any greater extent than it is at the present time, or in any other manner; that his claim has been made to and passed upon and rejected by the defendant order; that due notice of his injury had been given, and is waived by defendant, and that an appeal was had in due course, and considered by the grand lodge of the order and rejected; that his hand and forearm are still connected at the body and capable of some uses; that for uses for a freight brakeman, or any other use which requires great exercise and strength or skillful action, as in operation of heavy machinery or complicated machinery, the arm is practically and totally disabled."

The court rendered judgment for defendant.

No declarations of law were asked or given. No motion for new trial was filed, nor was any bill of exceptions filed, and we are confronted at the threshold of the case with the contention of defendant that there is nothing before the court for review except the record proper. Since the adoption of the practice act of 1849, there has been an unbroken line of decisions in this State to the effect, that an appellate court will deny relief when the trial court has had no opportunity, on motion for new trial, to correct its own errors. State v. Marshall, 36 Mo. 400; Brady v. Connelly, 52 Mo. 19; McCoy v. Farmer, 65 Mo. 244; Green v. Walker, 99 Mo. 68; Baker v. Railroad, 99 Mo. 230; Ross v. Railroad, 141 Mo. 390; Phillips v. Jones, 176 Mo. 328; Kauffman v. Harrington, 23 Mo. App. 572; Hopper v. Hopper, 84 Mo. App. 117; Kirby v. Railway, 85 Mo. App. 117; In re Estate of Presley Pound, 91 Mo. App. 424; Hill v. Combs, 92 Mo. App. 242; Donaldson v. Thompson, 120 Mo. 152. The agreed statement of facts is not a part

of the record; it can be made such only by a bill of exceptions. State ex rel. v. Merriman, 159 Mo. 655.

No error is assigned or appears on the face of the record proper. It follows that the judgment must be affirmed. It is so ordered. *Reyburn* and *Goode, JJ.*, concur.