KUPKE, Appellant, v. UNITED RAILWAYS COMPANY, Respondent.

St. Louis Court of Appeals, October 16, 1906.

1. **APPELLATE PRACTICE: Timely Exception.** Where an appeal was taken from an order of the trial court sustaining a motion for a new trial and a motion in arrest of judgment, but the bill of exceptions did not show that exceptions were taken to the court's action nor call for any evidence given on the trial, there was nothing for the appellate court to review except the record proper and, no error appearing therein, the judgment should be affirmed.

Appeal from St. Louis City Circuit Court.— *Hon. O'Neill Ryan,* Judge.

AFFIRMED.

*Ernest E. Wood* for appellant.

*Boyle & Priest* and *Edward T. Miller* for respondent.

BLAND, P. J.— Plaintiff recovered a judgment against the St. Louis Transit Company and the United Railways Company as joint defendants. The court sustained a motion for new trial and in arrest of judgment as to the United Railways Company, but overruled both motions as to the Transit Company. From the order

sustaining the motions as to the United Railways Company, plaintiff appealed. The bill of exceptions is insufficient to authorize this court to review the action of the trial court. The record shows both the motion for new trial and in arrest of judgment, as to the United Railways Company, were sustained, but the bill of exceptions does not specify whether exception was taken to the court's action in sustaining one, or the other, or both of the motions. None of the evidence is given or called for in the bill of exceptions, the motion for new trial is not called for, and the motion in arrest of judgment is not even referred to. In this condition of the record, the court cannot consider either the motion for new trial or in arrest of judgment, and there is nothing the court can consider but the record proper, and as no error is assigned or appears in the record proper, the judgment should be affirmed. [Phillips v. Jones, 176 Mo. 328, 75 S. W. 920; Rose v. Township Board, 163 Mo. 396, 63 S. W. 698.]

The judgment is affirmed. All concur.