Glenwood GRAHAM et al., Respondents,

v.

Tom HENDERSON et al., Appellants.

No. 42061.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 18, 1980.

William G. Reeves, Gillihan & Reeves, Farmington, for appellants.

Glenwood Graham et al., pro se.

REINHARD, Judge.

Defendant[1] appeals from a finding in plaintiffs' favor on her counterclaim and the overruling of her motion to assess damages on an injunction bond. These rulings arise out of the following facts.

Defendants had rented a house located on Ste. Genevieve Baptist Church Road in Ste. Genevieve County for approximately sixteen years. The defendants originally rented the property from Cecil and Hazel Graham, the parents of plaintiff Glenwood Graham. In 1974, after the death of Cecil Graham, Hazel Graham deeded the property to the plaintiffs, Glenwood and Mary Graham. However, defendants were never informed of this fact and continued to pay their rent to Hazel Graham. Upon seeing a "for sale" sign in the yard of the house they were renting, defendants decided to move. They gave Hazel Graham, the mother of plaintiff Glenwood Graham, three months' notice. In September of 1978, the defendants advertised and sold some of the property located on the premises. On October 17, 1978, the defendants moved to a new home, however, they returned on October 19, 1978, to pick up their remaining property. At that time, they discovered that the house had been rented to another couple who had already begun remodeling work.

On September 25, 1978, plaintiffs filed a petition for damages and restraining order seeking to recover damages caused by the removal of certain property from their real estate and to prohibit the defendants from

1. One of the defendants, Tom Henderson, died while this case was pending appeal.

removing any more property. Plaintiffs filed an injunction bond along with the petition. A restraining order was issued on the same day. Defendants timely filed an answer and counterclaim. Plaintiffs answered the counterclaim. Thereafter, on April 20, 1979, plaintiffs filed a first amended petition which requested damages allegedly caused by defendants' removal of property from their premises, misuse of the property while renting, and neglect. On May 1, 1979, defendants filed an answer and counterclaim alleging that they had continued to pay rent, that they had a contract with the parents of plaintiff, Glenwood Graham, from whom plaintiff obtained title, concerning the removal of certain property which they had added to the plaintiffs' property while renting and that because "friends, tenants, or other agents, servants or employees of plaintiffs" had broken into the premises and occupied the property at the current time, they were unable to remove their property from plaintiff's property. Wherefore, defendants prayed for actual damages in the amount of the value of the property left in the house, the dissolving of the temporary restraining order, and for costs. Plaintiffs filed a timely answer to the first counterclaim.

On May 30, 1979, a hearing was held. At the beginning of the hearing, plaintiffs withdrew their motion for restraining order and requested the court to dissolve the restraining order issued on September 25, 1978. Both parties presented evidence. Defendants filed a motion to assess damages on injunction which the court took under submission with the case. On August 9, 1979, the court entered judgment finding for defendants on plaintiffs' petition, and finding for plaintiffs on defendant counterclaim. The court also dissolved the temporary restraining order and overruled defendants' motion to assess damages on injunction bond.

Defendant appeals raising two points of error.[2] In her first point, defendant claims the trial court erred in finding for plaintiffs on defendants' counterclaim because such finding is unsupported by substantial evidence, in that inherent in the finding is the determination that the various improvements defendants made to plaintiffs' property had acceded to the realty and had become "fixtures."

Defendant correctly sets forth in her brief our standard of review in a court-tried case:

> [T]he decree of judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.

*Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Under this standard of review, we must affirm the trial court's judgment. Defendant's basic premise: that inherent in the court's finding on her counterclaim is the determination that the various improvements had become fixtures, is wrong. Since neither party specifically requested findings of fact or conclusions of law pursuant to Rule 73.01(1)(b), we do not know specifically why the judge ruled as he did. However, the finding against defendant on the counterclaim could be based on several theories, all of which are supported by the evidence. We rule this point against the defendant.

■ Defendant's second point involves the overruling of her motion to assess damages on the injunction bond. She sought to obtain damages in the form of attorney's fees expended in defending against the temporary restraining order. Defendant maintains that because the restraining order was dissolved on plaintiffs' motion, without her consent or connivance, the trial court erred in overruling her motion. We agree and reverse and remand to the trial court for determination of reasonable attorney's fees.

---

2. Plaintiffs have informed this court that amounts in controversy do not justify further expenditures on their part for representation on appeal. They have therefore failed to file a respondents' brief.

We stated in *Sullivan v. Winer*, 307 S.W.2d 704 (Mo.App.1957).

"The general rule is that the dissolution of an injunction amounts to a determination that the injunction was wrongfully obtained, and a right of action on the injunction bond immediately accrues to the defendant.... There are exceptions to this rule, as where the decree expressly finds that the temporary injunction was properly and providently issued, but because of events subsequent to its issuance, the necessity for its continuance has been removed."

*Id.* at 707–08. (citations omitted).

Here, there is nothing in the record to indicate that the temporary restraining order was dissolved because of the connivance of the defendant or because of her affirmative act. *Kelder v. Dale*, 313 S.W.2d 59, 64 (Mo.App.1958). Neither did the court in its order determine that the temporary injunction was properly or providently issued and because of events subsequent to its issuance, the necessity for its continuance had been removed. *Sullivan v. Winer*, 307 S.W.2d at 707–08. Therefore, under the law, it is conclusive that the injunction was wrongfully obtained. Defendant had an immediate right of action for damages which included attorney's fees expended in the defense of the temporary restraining order. *Id.*

At the time the court ruled on the motion, it had before it an attached affidavit detailing the hours spent by attorneys and their reasonable hourly rate. The motion had been submitted upon the affidavit and the record in accordance with an agreement of the parties. Although the court was not bound by the evidence contained in the affidavit, the record clearly reveals that the defendants were required to employ attorneys and that time was spent in the defense of the motion. The court is an expert on the value of legal services. *Nelson v. Hotchkiss*, 601 S.W.2d 14 (Mo.banc 1980). In light of the manner in which the motion was presented, the court should have made an award of reasonable attorney's fees for the defendants on the bond. The case must be reversed and remanded to the trial court for determination on this issue. In all other respects, the judgment of the trial court is affirmed.

CRIST, P. J., and SNYDER, J., concur.