Lawrence Leslie HARTMAN, Plaintiff-Appellant,

v.

Frankie M. McFADDEN, Defendant-Respondent.

No. 13466.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 13, 1984.

Gene C. Thompson, Carthage, for plaintiff-appellant.

James R. Spradling, Esterly, Spradling & Checkett, Carthage, for defendant-respondent.

PREWITT, Chief Judge.

Plaintiff filed a petition seeking damages and an injunction. Plaintiff received a preliminary injunction, having deposited cash in lieu of bond as allowed by Rule 92.02(c). Thereafter, defendant filed a motion to dismiss which was sustained, the petition dismissed and the preliminary injunction dissolved.

Defendant then filed a motion seeking damages resulting from the injunction. Plaintiff sought a jury trial on the amount of damages. The trial court found "that the instant case is an equitable one and the request for a jury trial is overruled." The trial court then determined the damages without a jury and entered judgment accordingly. Plaintiff appeals. He contends the trial court erred regarding the dismissal of his petition and in not having a trial by jury on defendant's damages.

Defendant moved to dismiss the appeal, contending that the notice of appeal was not timely filed following the trial court's order dismissing the petition and dissolving the preliminary injunction. That order was entered on January 14, 1983.

The judgment assessing damages due to the injunction was entered on August 26, 1983. Plaintiff filed an after-trial motion on September 2, 1983. The motion was overruled on September 16, 1983, and notice of appeal filed September 23, 1983. The notice of appeal states that the judgment appealed from was dated August 26, 1983.

▪ The appeal was timely on issues directed to defendant's damages caused by the injunction but not on issues affecting the trial court's dismissal of plaintiff's petition and the dissolution of the preliminary injunction. The order dismissing the petition and dissolving the preliminary injunction was appealable when entered and failure to appeal within the time prescribed bars this court from now considering whether the order was erroneous. *J & P Trust v. Continental Plants Corp.*, 541 S.W.2d 22, 25–26 (Mo.App.1976).

▪ A motion for assessment of damages on an injunction bond is a new, separate and independent controversy and a judgment thereon is appealable. *J & P Trust v. Continental Plants Corp.*, supra, 541 S.W.2d at 26. Plaintiff's after-trial motion was timely filed, see Rule 73.01(a)(3), and plaintiff timely appealed from the August 26th judgment after his motion was overruled. See Rules 81.05(a); 81.04(a). Defendant's motion to dismiss the appeal is denied.

▪ Plaintiff sought and was denied a jury trial in the proceedings to assess damages due to the injunction. In this respect the trial court erred. Section 526.200, RSMo 1978, provides in part: "Upon the dissolution of an injunction, in whole or in part, damages shall be assessed by a jury, or if neither party require a jury, by the court". See also *Home Mutual Insurance Company v. Bauman*, 14 Mo. 74, 78–79

(1851) *Joplin State Bank v. Heaton,* 180 S.W. 19, 20 (Mo.App.1915).

The judgment of August 26, 1983 is reversed and the cause remanded for a new trial on the assessment of damages due to the injunction.

HOGAN, P.J., and MAUS and CROW, JJ., concur.

**J.L.E., Petitioner,**