**John J. EICKELMANN, Appellant,**

v.

**Suzann G. EICKELMANN, Respondent.**

**No. WD 38651.**

Missouri Court of Appeals,
Western District.

Dec. 23, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 3, 1987.

H. Ralph Gaw, Crews, Gaw & Pyle, Tipton, for appellant.

Timothy R. Cisar, Loraine & Cisar, Lake Ozark, for respondent.

Before GAITAN, P.J., and TURNAGE and MANFORD, JJ.

PER CURIAM.

John J. Eickelmann, sought a temporary restraining order and a preliminary injunction prohibiting his ex-wife, Suzann G. Eickelmann, from removing their minor children from Missouri. The trial court granted the temporary restraining order. After a hearing with both parties present, the trial court quashed the temporary restraining order, denied the preliminary injunction, and assessed damages on the injunction bond. In two points on appeal, John maintains that the trial court erroneously denied the preliminary injunction and wrongfully awarded damages on the injunction bond.

Dismissed in part and affirmed in part.

The decree dissolving the Eickelmanns' marriage awarded primary custody of their three minor children to Suzann and granted John visitation rights. John alleged that Suzann took the children to live in Florida in violation of § 452.377, RSMo Cum.Supp. 1984, which requires the custodial parent to obtain either a court order or the non-custo-

dial parent's written permission before removing minor children from Missouri. While Suzann and the children were visiting in Missouri, John filed a motion to modify the custody decree in the original dissolution action and a motion for a temporary restraining order and a preliminary injunction in a separate case.

The trial court issued the temporary restraining order on August 7, 1986, after John posted a $500 cash bond. On August 15, 1986, with both parties present and represented by counsel, the trial court held a hearing on the preliminary injunction and quashed the same. The court awarded Suzann $300 for attorney fees.

■ In his first point, John argues that the trial court erred in summarily denying his application for preliminary injunction. Although appealability was not briefed by either party, orders entered during the temporary injunction stage are not final, appealable orders. *C.M. Brown & Associates, Inc. v. King,* 662 S.W.2d 572, 573 (Mo.App.1983). No appeal lies from the denial of a preliminary injunction. *Pomirko v. Sayad,* 693 S.W.2d 323, 324 (Mo.App. 1985). Therefore, the portion of the appeal relating to the denial of the preliminary injunction is dismissed.

■ In Point II John maintains that the trial court erroneously awarded Suzann $300 for attorney's fees as damages on the temporary restraining order bond. A proceeding for the assessment of damages on an injunction bond is an independent action and a judgment thereon is appealable. *Hartman v. McFadden,* 675 S.W.2d 454, 455 (Mo.App.1984). The dissolution of an injunction amounts to a determination that the injunction was wrongfully obtained, and a right of action on the injunction bond immediately accrues to the defendant. *Graham v. Henderson,* 608 S.W.2d 150, 152 (Mo.App.1980); *Sullivan v. Winer,* 307 S.W.2d 704, 707–708 (Mo.App.1957); *see Goad v. Mister Softee of the Mississippi Valley, Inc.,* 380 S.W.2d 493, 495 (Mo.App. 1964). John argues that damages on an appeal bond are appropriate only when an injunction has been wrongfully obtained. As just noted the quashing of the restraining order was the equivalent of a finding that the temporary restraining order was wrongfully obtained.

The appeal as to the denial of the preliminary injunction is dismissed and the judgment awarding damages on the injunction bond is affirmed.

All concur.