**SOUTHWEST MALL ASSOCIATES, A Limited Partnership, d/b/a Northpark Mall, by the Related Companies, Inc., General Partner, Plaintiff-Respondent**

v.

**TOP BRANDS DISTRIBUTORS, INC., Defendant-Appellant.**

No. 15897.

Missouri Court of Appeals,
Southern District,
Division One.

July 25, 1989.

Motion for Rehearing or Transfer Denied
Aug. 16, 1989.

F. Randall Waltz, III, Waltz & Jordan, Jefferson City, for defendant-appellant.

Robert L. Bradley, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for plaintiff-respondent.

HOLSTEIN, Chief Judge.

Defendant Top Brands Distributors, Inc. (Top Brands) appeals from an order overruling a motion for judgment on an injunction bond and sustaining a motion for release of the bond. The appeal is dismissed because the judgment is not final.

Plaintiff Southwest Mall Associates (Southwest Mall) filed a petition for a temporary restraining order and injunction on December 16, 1987. Top Brands operated a retail clothing store and was a tenant on plaintiff's premises. Plaintiff's petition alleged that Top Brands planned to vacate the premises on January 1, 1988, in violation of its lease agreement, and that Southwest Mall had a security interest in all of Top Brands' "goods, wares, equipment, fixtures, furniture and other personal property and effects" on the leased premises. Allegedly, removal of the collateral would impair plaintiff's security interest. Southwest Mall sought a restraining order and a permanent injunction enjoining removal of the personal property. Two days later a $10,000 bond was filed, and a temporary restraining order was issued ordering defendant not to remove the property in which plaintiff claimed a security interest from the premises "except items sold in the usual course of trade."

On January 26, 1988, motions to dissolve the temporary restraining order and for judgment on the bond were filed by Top Brands. The same day the temporary restraining order was dissolved. No action was taken on the motion for judgment on the bond.

On July 26, 1988, the trial court entered its order overruling the motion for judgment on the bond and sustaining Southwest Mall's motion for release of the bond.

Although there has been no judgment entered disposing of the claim for permanent injunction, Top Brands appeals the July 26 order.

This court, as is its duty, ordered the parties to show cause why the appeal should not be dismissed as premature. *Greenwood v. Bank of Illmo,* 753 S.W.2d 637, 638 (Mo.App.1988). Both parties responded with suggestions, each claiming the judgment is final.

■ The right of appeal is purely statutory. *Hill v. Boles,* 583 S.W.2d 141, 147 (Mo. banc 1979). Section 512.020 [1] permits an aggrieved party to appeal "any order ... dissolving an injunction ... or from any final judgment." An order not otherwise appealable cannot be made so by agreement, and cases are not to be presented for appellate review in piecemeal fashion. *In re Marriage of Deatherage,* 595 S.W.2d 36, 37 (Mo.App.1980). Top Brands' right to appeal is dependent upon whether the order is appealable under the statute.

■ For a judgment to be final and appealable, it ordinarily must dispose of all parties and all issues in the case and leave nothing for further determination. *Greenwood v. Bank of Illmo, supra;* Rule 74.-01(b).[2] One exception to the general rule, provided in § 512.020, is that prior to final judgment an aggrieved party may appeal an order dissolving a temporary restraining order. *Hagen v. Bank of Piedmont,* 763 S.W.2d 384, 385 (Mo.App.1989). Top Brands does not purport to be an aggrieved party appealing the dissolution of a temporary restraining order.

■ Another situation in which a judgment may be considered final even though it disposes of fewer than all claims and all parties is where there is an express determination by the trial judge that there is no just reason for delay. *Fairfield Square Dev. Co. v. Rogalski,* 767 S.W.2d 626, 628 (Mo.App.1989); Rule 74.01(b). No such determination was made in this case.

---

**1.** Unless otherwise indicated, references to statutes are to RSMo 1986.

**2.** Rule references are to Missouri Rules of Court (20th ed. 1989).

The parties primarily rely on *Eickelmann v. Eickelmann,* 724 S.W.2d 261 (Mo. App.1986), and *J and P Trust v. Continental Plants Corp.,* 541 S.W.2d 22 (Mo.App. 1976), in support of their position that this court has jurisdiction of the appeal.

In *Eickelmann* the pleadings sought a temporary restraining order and a preliminary injunction prohibiting plaintiff's ex-wife from removing the parties' minor children from Missouri. The court initially granted the temporary restraining order, but, following a hearing, quashed the restraining order, denied the preliminary injunction, and awarded damages on the injunction bond. On appeal the plaintiff claimed the trial court erroneously denied the preliminary injunction and wrongfully awarded damages on the bond. On these facts it was held that no appeal lies from denial of a preliminary injunction, although the award of damages on the injunction bond was appealable. *Eickelmann v. Eickelmann, supra,* at 262. Nothing in the opinion indicates that any claims between the parties remained pending in the proceeding when the judgment awarding damages on the injunction bond was entered.

In *J and P Trust* a petition for injunction and temporary restraining order was filed with a bond. A restraining order was issued prohibiting a sale of certain personal property by defendants. After the trial court heard evidence, judgment was entered dismissing the petition with prejudice and dissolving the restraining order. An after-trial motion was filed by plaintiffs attacking the judgment. The defendants also filed a motion for assessment of damages on the injunction bond. More than eight months after the petition was dismissed with prejudice, judgment was entered on defendants' motion assessing damages against plaintiffs. On appeal the court noted that the judgment dismissing the petition and dissolving the restraining order was final and appealable ninety days after the filing of the authorized after-trial motion. Rule 81.05(a). The court also noted that the right to have the damages assessed on the bond is independent of and accrues after the injunction has been dissolved. The court held that "the filing and hearing of a motion to assess damages on an injunction bond is therefore an independent action on the injunction bond *after final judgment." J and P Trust v. Continental Plants Corp., supra,* at 26 (emphasis added). The court did not decide the appealability of an order determining a motion for assessment of damages on an injunction bond when such motion was filed and adjudicated before a final judgment in the injunction proceeding.

*Eickelmann* and *J and P Trust* are procedurally dissimilar to the case at hand. Neither purports to be a situation in which claims between the parties remain pending following the disposition of a motion for assessment of damages on an injunction bond. The question unanswered in those cases is whether an appeal of the disposition of the motion for assessment of damages on the bond must await judgment on other claims between the parties to become final and appealable.

One case cited by Top Brands is similar. In *Witthaus v. Washington Savings Bank,* 18 Mo.App. 181 (1885), the trial court entered an order dissolving a temporary injunction and, at the same time, rendered judgment against plaintiffs on their bond. However, the trial court failed to dismiss the suit or dispose of the case. The appellate court said:

> And this, upon principle, would seem to be a "final judgment or decision," within the meaning of [the statute].... It relates to a thing which is entirely past; assesses damages for a wrong which is ended; awards execution for the same; and is a final judgment disposing of substantial rights to all intents and purposes as much as though the suit had been dismissed.

*Witthaus v. Washington Savings Bank, supra,* at 184. The case is in conflict with more recent and controlling declarations of the law.

Since 1936 Missouri courts have repeatedly held that to be "final" and "appealable," a judgment must dispose of all parties and all issues. *Freeze v. Snider,*

429 S.W.2d 257, 258 (Mo.1968); *Magee v. Mercantile–Commerce Bank & Trust Co.,* 339 Mo. 559, 561, 98 S.W.2d 614, 615–16 (1936); *Fairfield Square Dev. Co. v. Rogalski, supra; Greenwood v. Bank of Ill-mo, supra.*

Subsequent to the *Witthaus* case, the Missouri Supreme Court has adopted rules permitting unrelated and independent claims between the parties to be decided in one action and further defining the concept of a "final and appealable judgment." The defendant's motion for damages on the injunction bond is unquestionably a claim independent of the plaintiff's petition for a permanent injunction. However, when defendant elected to file the motion during the pendency of the claim for permanent injunction, the effect was the filing of a permissive counterclaim. Rule 55.32(b). The present rules also provide that absent a determination by the trial judge that there is no just reason for delay, an order "adjudicat[ing] fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties." Rule 74.01(b). Because *Witthaus* predates the adoption of the rules and is in conflict with them, that case will not be followed to the extent of the conflict.

An order sustaining a motion to discharge an injunction bond and denying relief on a motion to assess damages on such bond, entered while other claims remain pending in the case, does not terminate any claim, and, therefore, is not a final judgment from which an appeal may be taken. This court lacks jurisdiction of the appeal. Accordingly, the appeal is dismissed.

CROW, P.J., and GREENE, J., concur.