## CASON vs. MURRAY.

1. A debtor in failing circumstances may give a preference to one or more of his creditors, to the exclusion of others; and such disposition of his effects, is not impeachable on the ground of fraud, even though it embraces all his property.

2. Whenever a statute against fraudulent conveyances, like the English statute of Elizabeth, exists, a deed although made for a valuable and adequate consideration, may still be void as to the creditors of the grantor, because of the intent with which it was made.

3. The intent, which under the law avoids a deed as to creditors, is an intent to "hinder, delay or defraud" them; and that intent is to be ascertained from all the circumstances

'under which the deed was made: yet, the jury, with all the evidence before them, must be satisfied of the existence of the particular intent mentioned in the statute, before they can find against the deed. An intent to prevent a sacrifice of the debtor's property is not sufficient.

## APPEAL from Callaway Circuit Court.

LEONARD & HARDIN, for appellant.

Although the law requires a debtor to devote all his property to the payment of his debts and avoid, as fraudulent, any act that withdraws it from that object, yet a debtor may give a preference to any of his creditors to the exclusion of all others, and every application of a debtor's property to the payment of his debts is valid, if he receive a fair value for it, although the very purpose and object in making such disposition be to prevent other creditors from sacrificing it under execution, and upon this principle, the court erred in giving the plaintiff's 7th and 8th and refusing the defendant's 6th and 7th instructions: Holberd vs. Anderson, 5 Tenn. Rep. 236; Wheaton vs. Sexton, 4 Wheaton's Rep , 505; Menx vs. Howell, 4 East., 14; Wood vs. Dixie, 53 Eng. Com: Law Rep., 892, Welder vs Fondey, 6 Cow. Rep. 284.

HAYDEN & SHELEY, for respondents.

1. The court below, in giving the instruction to the jury as to the law of the case, prayed for by the appellee (plaintiff below) committed no error: Butchin vs. Thompaon, 1 J. J. Marshall, 226; Ward &c. vs. Trotter, 3 Monroe, 1; Sanders vs. Alexander, 2 J. J. Marshall, 213; Croft vs. Arthur, 1 Desan 223; 1 Barbour & Harrington Digest, 575, sec. 66; Revised Code, page 525; title, Fraudulent conveyances, sec. 2; Beal vs. Guernsey, 8 Johnson R., 449.

2. The court very properly rejected the instructions numbered six and seven, asked by appellant, Murray, for two reasons. First. They are against the law of the case, and, Second. Because the instructions given by the court to the jury contained all the law of the case as applicable to the evidence given upon the trial: Sands vs. Hildreth, 14 Johnson 493; Cadbury vs. Nolen, 5 Barr 320; Sands and others vs. Codwise, 4 Johnson, 582; Webb and others vs. Daggett and others, 2 Barbour, 1; Peck vs. Land, 2 Kelly, 14; Cadogan vs. Kennett, 2 Cooper, 240.

GAMBLE, J., delivered the opinion of the court.

This is an action of ejectment commenced by the appellee, Cason, to recover certain lands in Callaway county. Both parties claim title under one James McKamey. The plaintiff claimed under the judgments and executions against McKamey and a sheriff's sale of the property under the executions, at which sale the plaintiff, Cason, became the purchaser and received his deed. The judgments were recovered in October, 1847. The defendant, Murray, claimed under a deed made to him by McKamey in August, 1842. The whole question in the case, as tried before the circuit court, was whether this deed to Murray was made with intent to defraud McKa-

mey's creditors; and so was void as to Cason, the purchaser on execution. The plaintiff gave evidence showing the indebtedness of McKamey, at the time of making the deed to Murray, to the individuals who recovered the judgments under which the property was sold, as well as to other persons. He farther gave evidence to impeach the good faith of the parties to the deed from McKamey to Murray. Defendant gave evidence showing that at the date of the deed from McKamey to him, McKamey was indebted to him, and that he had become responsible for other debts of McKamey as his security to a considerable amount, some or all of which he had subsequently paid.

. The plaintiff asked the court to give several instructions, and the court gave eight at his request, to two of which the defendant excepted. Those excepted to are in these words: "That if the jury find from the evidence, that the conveyance from McKamey to Murray for the land, was made by McKamey and accepted by Murray with a view or intent to delay or to hinder the creditors of McKamey of their actions, or the collection of their debts, or with an intent to prevent a sacrifice of the property of McKamey, by a sale thereof by his creditors under execution, that then the jury are bound to find such conveyance fraudulent and void; notwithstanding they may even find that the said Murray did pay a valuable consideration for the land."

"That even though by law, the said McKamey had a right to prefer Murray as a creditor—if Murray shall be found to be a creditor—yet if the jury find that this preference was contrived by McKamey and Murray, in the making of said deed, for the purpose or intent of preventing the other creditors of McKamey from sacrificing under execution the property of McKamey in the collection of their debts, or with an intent or design to delay or hinder said creditors, or any of them, from the collection of their debts of McKamey, that then said conveyance to Murray is unfair, unlawful, fraudulent and void as against the creditors of McKamey."

The defendant asked the court to give instructions, and the court gave some and refused two, to which refusal the defendant excepted. The instructions refused are in these words:

"If Murray had a just demand against McKamey, and was bound as his security for the payment of debts to others, he had a right to buy McKamey's property in order to pay himself and to secure himself against his liability, and if one of his objects and one of the purposes of McKamey in so doing was to prevent his property from being sacrificed under execution, such object was a lawful one, and does not render the deed void; provided, the jury believe that the defendant, Murray, did

no more than was necessary to protect himself from loss by virtue of said preference."

"If the jury believe that the object of the parties to the conveyance, in making the same, was to prevent a sacrifice of the property of McKamey, and that the preference of Murray as a creditor was only a means used to carry that object into effect, the deed is void; but if the jury believe that the object of the conveyance was a fair and bona fide intention to prefer Murray as a creditor, and to secure him from loss, and nothing more was done than was necessary for this object; the fact that the parties were also influenced by a desire to prevent a sacrifice of McKamey's property, does not render the deed void."

It is not necessary to quote books for the purpose of showing, that a debtor in failing circumstances may give a preference to one or more of his creditors, to the exclusion of others, and that such disposition of his effects is not impeachable on the ground of fraud, because it embraces all his property. It may be assumed that this principle is so universally known as to render a reference to books unnecessary.

It may also be assumed, as a principle of law well understood, wherever a statute against fraudulent conveyances, like the English statutes of Elizabeth, exists, that a deed, although made for valuable and adequate consideration, may still be void as to creditors of the grantor, because of the intent with which it is made.

If we examine the instructions, asked and given for the plaintiff, Cason, and excepted to, we will find this latter principle carried to an extent not warranted by any construction which our statute against fraudulent conveyances has ever received. The jury are told in the first instruction excepted to—being the seventh in the order in which the instructions were asked—that if they find that the conveyance from McKamey to Murray was made and accepted with intent to delay or hinder the creditors of McKamey of their actions, or the collection of their debts, or, *with an intent to prevent a sacrifice* of the property of McKamey, by a sale thereof by his creditors under execution, then the jury are bound to find such conveyance fraudulent and void, notwithstanding Murray paid a valuable consideration for the land. It is to be observed, that the jury are told in this instruction, that there are two intents, either of which will render a deed, made upon a full consideration, fraudulent and void as to creditors; the first is, the intent to hinder or delay the creditors; the second is, an intent to prevent the sacrifice of the property by a sale under the execution of the creditors. Under the latter clause of this instruction, a deed should be void in a case in which an honest debtor, in failing circumstances, should sell his

25

Cason vs. Murray.

property for full consideration paid in money, to a friend who wished to prevent his property from being sacrificed, although the debtor should immediately apply the money to the payment of his debts, and although it was the intent of both parties to the conveyance, that the creditors, instead of being hindered or delayed, should receive the full value of the property immediately. The mere statement of such case shows the error of the instruction. Creditors have a right to the satisfaction of their debts out of the property of their debtor, and they have a right to challenge the fairness and legal validity of a conveyance made by their debtor, with intent to hinder or delay them in obtaining this satisfaction, where the grantee participates in such intent. But it is not admitted, that in addition to this right of a speedy satisfaction of their claims, they have a distinct right to *sacrifice the property of their debtor*. Yet the instruction recognizes this as a right of the creditor; for in placing before the mind of the jury the two intents, in the alternative, either of which is to avoid the deed, the jury are told that although there may not have been any intent to hinder or delay the creditors, yet if there was an intent to prevent the property from being sacrificed on the executions, the deed is fraudulent and void. A reference has been made in support of this instruction to the case of Waid vs. Trotter, 3 Monroe R., 1. In that case the conveyance was held to have been made for the purpose of delaying and hindering creditors, and the expression upon its face, that it was made to prevent the creditors "from sacrificing the property," was held to show conclusively the unlawful intent which would avoid the deed. If that case had held, or if it can be understood as holding, that the intent to prevent a sacrifice of the debtor's property, distinct from the intent to hinder or delay creditors, which is forbidden by the statute, avoids a deed, then we have the misfortune to differ in opinion with the court that decided that case. The other instruction, given for the plaintiff and excepted to, is liable to the same objection just stated and need not be farther considered.

In considering the instructions, asked by the defendant and refused by the court, they appear to be framed with a view to qualify the instructions previously given at the request of the plaintiff. If the court had not previously asserted, in the instructions for the plaintiff, that an intent to prevent the sacrifice of McKamey's property, was an unlawful intent that avoided the deed, these two instructions would not have been asked, or certainly would not have been asked in their present shape. The first of these two ought to have been given, after the court had given those asked by the plaintiff; and the latter clause of the second should also have been given as a qualification of the plaintiff's in-

tiff's instructions.  But in a future trial of the case, the court will not instruct the jury upon the intent to prevent a sacrifice of McKamey's property, as a distinct intent, affecting the validity of the deed, and therefore it is not necessary to remark further upon these instructions of the defendant's which were refused.  The intent, which under the law avoids a deed as to creditors, is an intent to "hinder, delay or defraud" the creditors, and that intent is to be ascertained from all the circumstances under which the deed was made.  A deed may be avoided on account of such intent, even when there is an adequate consideration.  Inadequacy of consideration may be a circumstance, tending to show a fraudulent intent.  In fact, all the relations of the parties, in all their transactions connected with the conveyance, may tend to explain the design of the conveyance; the intent with which it was made.  The range of enquiry in the investigation of such questions is exceedingly broad; yet, the jury, with all the evidence before them, must be satisfied of the existence of the particular intent mentioned in the statute, before they can find against the deed.

The judgment of the circuit court is reversed and the cause remanded.