SCOTT D. GORDON, Respondent, v. LOUIS ISMAY, Defendant; AMBROSE ISMAY, Interpleader and Appellant.

Kansas City Court of Appeals, December 4, 1893.

Appellate Practice: EVIDENCE: FRAUD. Fraud does not have to be shown by direct testimony, and may be inferred from circumstances, though it must be proved and never presumed; and where there is evidence thereof, as in this case, the finding of the lower court will not be disturbed.

*Appeal from the Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*Bailey & Tincher* and *C. B. Sebastian* for appellant.

(1) The evidence shows that interpleader had taken possession of the property in controversy after the conditions of the mortgage had been broken, and

he had a right to hold it until his interest was satisfied. *Printing Press Co. v. Roeder*, 44 Mo. App. 324; *Bank v. Metcalf*, 29 Mo. App. 384. (2) Under the law given by the court the finding must have been upon the impression that the mortgage was not accepted in good faith for the purpose of securing an honest debt. There is no evidence to sustain the finding, and our supreme court and this court have uniformly ruled that a verdict unsupported by substantial evidence will not be allowed to stand. *Reno v. Kingsbury*, 39 Mo. App. 240; *Avery v. Fitzgerald*, 94 Mo. 207; *Long v. Moon*, 107 Mo. 334.

*Gordon, Gordon & Gordon* for respondent.

(1) Where the trial court is intrusted with both facts and law, the appellate court must assume the facts to be as the trial court found them, and has only the power to review the law declared by said court. *Swayze v. Bride*, 34 Mo. App. 416; *Taylor v. Penquite*, 35 Mo. App. 403 and 525; *Gaines v. Fender*, 82 Mo. 509; *Hamilton v. Bogges*, 63 Mo. 252. (2) Fraud, it is true, must be proved and cannot be presumed, and direct and positive evidence is not necessary to establish it. It may be inferred from the facts and circumstances in evidence, pertinent and bearing upon the question at issue. *Renney v. Williams*, 89 Mo. 145.

ELLISON, J.—Plaintiff brought an attachment suit against defendant in which the attachment writ was levied upon a lot of brick and other personal property as being the property of defendant. Interpleader filed an interplea claiming the property under a chattel mortgage executed to him by the defendant in the attachment securing an indebtedness which defendant was alleged to be owing to him. The issue tried on the interplea was as to the *bona fides* of the debt secured by

this mortgage; plaintiff alleging that the mortgage was made in fraud of creditors, and that, the fraud was known to, and participated in, by the interpleader. The trial was submitted to the court without a jury. All declarations asked by interpleader were given. None were asked by plaintiff. The finding and judgment was for plaintiff.

We are asked by interpleader to reverse this judgment on the ground that there was no evidence whatever to sustain it. A careful examination of the testimony has failed to impress us with interpleader's view. The fraud charged here does not necessarily have to be shown by direct testimony. It may be inferred from circumstances shown in evidence. While fraud will not be presumed and must be proven by the party holding the affirmative, yet it is a subject for legitimate inference which may arise from facts disclosed by the case. With this statement it is sufficient to say, without going into a tedious detail of the evidence, that there was evidence in the cause tending to support the finding, and we will affirm the judgment. All concur.