## MARTHA W. CHRISTIAN, Respondent, v. HENRY W. SMITH, Appellant.

### Kansas City Court of Appeals, June 18, 1900.

1. **Appellate and Trial Practice:** CONFLICTING · EVIDENCE: VERDICT: INSTRUCTIONS. Where the evidence is conflicting as to whether certain transactions relating to the conveyance of lands is a fraud or not, the verdict must stand if the action of the trial court on the instructions and evidence is correct.

2. **Fraudulent Conveyances:** VOLUNTEER PURCHASER: INTENT: INSTRUCTIONS. Though a purchaser pay full value, it will not thwart the claims of creditors if he makes the purchase with the intent to defraud creditors and the instructions should submit the question of fraud to the jury.

3. ————: CIRCUMSTANTIAL EVIDENCE: HUSBAND AND WIFE: SECONDARY EVIDENCE. Where fraud is involved, all the surrounding facts and circumstances should be taken into consideration, especially, where parties are husband and wife, though it should be remembered that their relationship makes it natural that they should aid and advise each other in any *bona fide* transaction. Certain mortgages of the husband are held admissible, and it is suggested that diligent effort be made to obtain the original before offering secondary evidence.

Christian v. Smith.

4. ———: AGENCY: HUSBAND AND WIFE: INSTRUCTION. The fact that a contract is made and signed by the husband alone does not prevent its being shown *aliunde* that he acted as agent for his wife, and an instruction should not withdraw the consideration of such agency from the jury.

5. Husband and Wife: PRINCIPAL AND AGENCY: PROOF OF AGENCY: WITNESSES. An agency can not be shown by the declarations of the agent, but he may testify to the fact as any other witness; and the husband is competent to show his agency for his wife.

Appeal from the Andrew Circuit Court.—*Hon. P. Mercer,* Special Judge.

REVERSED AND REMANDED.

*Hunt & Bailey* for appellant.

(1) The court erred in this case in not granting defendant a new trial, for the reason that the evidence in this case does not support the verdict; and defendant's refused instruction number 10 should have been given. Green's M. Practice (1 Ed.), p. 399, sec. 1090; Wright v. Railway, 20 Mo. App. loc. cit. 484; Reid v. Ins. Co., 58 Mo. 422; Brewing Co. v. Bodemann, 12 Mo. App. 573; Taylor v. Fox, 16 Mo. App. 527; Lionberger v. Pholman, 16 Mo. App. 392. (2) The court erred in giving instruction number 2 on the part of plaintiff, for the reason that it leaves out the element of fraud, and for the further reason that the jury could find these facts and yet the plaintiff not be entitled to recover. (3) Fraud may be said to include all acts, omissions and concealments which involve a breach of legal or equitable duty. Kehoe v. Taylor, 31 Mo. App. 597. Very slight circumstances, though apparently trivial and unimportant of themselves may, when combined, afford irrefragible proof of fraudulent intent. Hopkins to use v. Sievert, 58 Mo. 201, 202; Massey v. Young, 73 Mo. 260, loc. cit. 273, bottom p.;

Christian v. Smith.

Donnell v. Byern, 80 Mo. 332; Albert v. Besel, 88 Mo. 150, 153; Burgert v. Borchert, 59 Mo. 80 loc. cit. 83 *et seq.;* Gordon v. Ismay, 55 Mo. App. 324; Snell v. Harrison, 104 Mo. 158, loc. cit. 188; Hanna v. Finley, 33 Mo. App. 645, loc. cit. 650. (4) A conveyance may be for a valuable consideration and yet void as to creditors. Carson v. Murray, 15 Mo. 378; Johnson v. Sullivan, 23 Mo. 474; 2 R. S. 1889, p. 1252, sec. 5170. (5) It is a well-established rule of law in this state that transactions between husband and wife should be closely scrutinized when they come in conflict with the claims of creditors. Bucks v. Moore, 36 Mo. App. 529, loc. cit. 536, in point; Jordan v. Buschmeyer, 97 Mo. 94, 97; Sexton v. Anderson, 95 Mo. 373, loc. cit. 379, 381; Patton v. Bragg, 113 Mo. 595, loc. cit. 601; Jamison v. Bagot, 106 Mo. 240.

*L. D. Ramsay* for respondent.

After an extended argument proceeds: This appears to reduce to the controversy of the appellant's first proposition. "Is the verdict supported by the evidence?" The general rule, in actions at law is, that the appellate court will not reverse on the weight of evidence. Garneau v. Herthel, 15 Mo. 191; Chadwick v. Bumpus, 45 Mo. 111; Brown v. Railroad, 50 Mo. 461; State v. Hert, 89 Mo. 590; Bray v. Kremp, 113 Mo. 552; State v. Richardson, 117 Mo. 586. The appellate court has no constitutional power to pass upon the weight of conflicting evidence in an action at law. Blanton v. Dold, 109 Mo. 64; Davis v. Railroad, 46 Mo. App. 180; Fulkerson v. Long, 63 Mo. App. 268; Nichols v. Metzger, 43 Mo. App. 607. Appellate court, will not from the facts found infer the existence of other facts. Pearce v. Burns, 22 Mo. 577; Pearce v. Roberts, 22 Mo. 582; State v. Ruggles, 23 Mo. 339. Viewed in any light the verdict appears to be for the right party.

ELLISON, J.—This is an action of replevin for a lot of corn standing in the field. The defendant is a constable and held a writ of execution issued on a judgment against plaintiff's husband. He levied the writ on the corn as the property of the husband. The whole controversy turns on whether this plaintiff was the owner of the land (consisting of 333 acres) and consequently of the corn grown thereon. Fischer v. Johnson, 139 Mo. 433. A trial resulted in plaintiff's favor.

It appears that the farm was owned by plaintiff's two brothers who were financially embarrassed and that plaintiff's husband was the agent of the principal creditors. Their debts amounted to more than the value of the farm. There was evidence tending to prove that it was agreed between plaintiff and her brothers that she would assume the debts for the farm and some personal property thereon, consisting principally of live stock. A contract to that effect was made between the parties and the brothers conveyed the land to her. Plaintiff's husband acted for her in making and consummating these arrangements. She and he were insolvent. Defendant contends that the whole of the transaction was really the husband's and that he merely used his wife's name as a cover to shield himself and his property from the claims of his creditors and that the claim that the property is his wife's is a sham and fraud. There was evidence in the cause tending to support either view and therefore, if the action of the trial court on the instructions and evidence offered by defendant was correct the verdict must stand, since it was for the jury to say which of these contentions was the true one.

Instructions numbers two and four for plaintiff omit all hypothesis of fraud on the part of plaintiff which was the chief contest in the case. They contain direction to find for

plaintiff if she assumed the debts of her brothers equal or greater in amount than the value of the farm, and that her husband did not contribute anything to the purchase. The law is that although a volunteer purchaser may pay the full value of property with his own money, yet if he makes the purchase with the view and intent to aid in defrauding creditors, it is a fraudulent purchase and will not avail to thwart the claims of creditors. Cason v. Murray, 15 Mo. 378; Sammons v. O'Neill, 60 Mo. App. 530; Johnson v. Sullivan, 23 Mo. 474.

It is a fundamental proposition constantly applied in cases involving a charge of fraud that all the surrounding facts and circumstances should be taken into consideration. Snell v. Harrison, 104 Mo. 188; Gordon v. Ismay, 55 Mo. App. 323. This is especially true when parties charged are husband and wife, where, from the nature of the relationship, the true intent is sometimes hard to discover. At the same time, the triers of the facts should bear in mind that this relationship makes it quite natural the one should aid and advise the other in any *bona fide* transactions. From these considerations we think the court erred in refusing to admit in evidence the chattel mortgages executed by plaintiff jointly with her husband and by him alone. Connected with other evidence in the cause, they may aid the jury in coming to a correct conclusion. It seems that some of these documents were lost or at least not in court. At another trial defendant should, where it is necessary, show that he has made diligent effort to obtain the original before offering secondary evidence.

The action of the court on instructions not referred to above we believe was proper. It is contended by defendant that those refused which declared the effect of the deed to plaintiff and the contract signed by plaintiff's brothers and

her husband should have been given. We do not think so. The contention leaves out of view that the evidence in behalf of plaintiff tends to show that the contract though made by the husband was so made as agent for plaintiff. It is true that, ordinarily, it is the duty of the court to declare the legal effect of written instruments. But the fact that the contract was made and signed by the husband alone does not prevent its being shown, *aliunde*, that it was as agent for his wife.

Objection is made as to the mode of proving the husband's agency. It is true that agency can not be proven by showing what the agent had been heard to say, that is, by his declarations. Waverly Timber Co. v. St. Louis Cooperage Co., 112 Mo. 383; Bank v. Leyser, 116 Mo. 51. But you may show it by the testimony of the agent, just as you could by any other witness. And the husband is competent in that respect to show his own agency for his wife. Leete v. Bank, 115 Mo. 184.

Many authorities have been cited by the respective counsel on the various phases of the case as presented in briefs and arguments. It is not necessary to discuss these in detail. While it may appear unusual for a married woman living in a town, without money or means or the participation of her husband, to purchase a large and valuable farm by assuming debts of near $15,000, yet she has the legal capacity to do it and to undertake the task of paying for it. She offers by way of explanation why she would enter into a transaction so extraordinary, that it was in aid and relief of her indebted brothers. On the other hand, defendant contends the husband was the real purchaser and that he manipulated the entire affair under the cloak of the plaintiff's name with a view of shielding himself from creditors. Now, which of these widely divergent views is right

must be determined by a jury under proper direction from the court. The judgment is reversed and the cause remanded. *Smith, P. J.,* concurs; *Gill, J.,* absent.