LAVELLE *v*. WESTERN UNION TELEGRAPH COMPANY.

Opinion delivered March 11, 1912.

1. TELEGRAPH COMPANIES—RECOVERY OF MENTAL ANGUISH—PARTIES. —Damage for mental anguish, caused by nondelivery of a message, may be recovered by the person suffering it, whether he is the person to whom the message was addressed or the person by whom it was sent. (Page 610.)

2. SAME—NOTICE OF CLAIM—REASONABLENESS OF RULE.—A stipulation for notice of a claim for damages within sixty days from the transmission

of a message is reasonable, and the company can require messages to
be sent subject to it.   (Page 611.)

3.    SAME—MESSAGE WRITTEN BY OPERATOR BINDING WHEN.—Where plain-
tiff's husband, having authority to write a message on her behalf,
requested the telegraphic operator to write the message, she was
bound by the message so written to the same extent as if her husband
had written and signed the message upon the blank upon which it was
written.   (Page 611.)

Appeal from Mississippi Circuit Court, Osceola District;
*Frank Smith*, Judge; affirmed.

### STATEMENT BY THE COURT.

This was a suit for damages for mental anguish alleged
to have been occasioned by the failure to deliver the following
telegram:

"Ulie McGuan, Osceola:   John Lavelle's wife wants you
to come at once; dangerously ill.

(Signed) - "John Lavelle."

The testimony shows that on July 26, 1910, appellant was
sick with congestion  at her home in Tyronzo, and her physi-
cians thought and advised her that she would not get well.
She directed that Ulie McGuan, her youngest brother, for whom
she had great affection, should be telegraphed to come at once
that she might see him before she died.   Her husband, John
Lavelle, went to the telegraph office and dictated the above
message to a boy who worked in the depot and was an assistant
to the operator.   The next morning, no reply having been re-
ceived, the husband went to the office again and dictated another
message to the operator, which was addressed Will McGuan,
Osceola."   Both of these messages reached Osceola in due
time, and there was some effort made to deliver each.   The
messages received were addressed to Will McGiun or Willie
McGann.

The sendee of the messages was an overseer on a plantation
three miles from Osceola, and stated that he was in that town
every two or three days, that he could have gone to his sister's
bedside on either of two trains daily, and would have gone im-
mediately had he received the message.   The evidence does
not disclose whether he was there between the 26th and 28th
of July or on either of these dates.

Appellant thought she was going to die, and desired greatly

to see her brother, and his failure to come made her "feel a great deal worse," and suffer great mental anguish, but she recovered from her illness, and about a month afterwards either visited or was visited by her brother, who then first learned of the messages having been sent. He then called at the office at Osceola, and both of the telegrams were delivered to him. The assistant wrote the first message as dictated by the husband upon the usual telegraph blank, and the agent wrote the second likewise at his dictation on the usual blank, with the printed conditions on the back thereof, and in each instance the message was read to the husband as written and approved by him as correct, on the back of the message was printed this stipulation:

"The company will not be liable for damages or statutory penalties in any case where the claim is not presented within sixty days after the message is filed with the company for transmission."

None of the conditions were read to him at the time, and he and appellant each testified that they were not familiar with but were ignorant of the conditions printed upon telegraph blanks. No claim for damages for failure to deliver the message was presented to the company within sixty days after its transmission, nor was the suit brought until more than sixty days thereafter.

The court directed a verdict for the telegraph company, and from the judgment thereon plaintiff appealed.

*J. T. Coston,* for appellant.

1. Appellant is not bound by the printed stipulation limiting the time for bringing suit because neither she nor her husband, who was acting as her agent, assented to it. 3 Sutherland, § 975; 2 Thompson, § § 2430, 2420; 26 S. E. 830; 60 Ill. 440; 74 Ill. 171.

2. It is not material whether the operator, who wrote out the message for appellant's husband, acted as agent for the company or for appellant. When he undertook to read the message to Lavelle, it was his duty, both in law and morals, to read also the stipulation in question, and his failure to do so was a fraud upon appellant, and she is not bound by the stipulation. 42 Ind. 458; 67 Ill. 88; 34 Mich. 122; 132 S. W. 221; 26 S. W. 736.

*George H. Fearons, E. H. Mathes* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

1. Appellant's so-called mental anguish was groundless, purely imaginary, and forms no basis for recovery. 83 Ark. 476; 90 Ark. 268; 92 Ark. 69; 96 Ark. 218; 73 S. W. 1043; 101 Ark. 487.

2. Under the circumstances shown, the sender made the operator and the assistant his agents for the purpose of writing the two messages, and he was chargeable with any mistake made in the address and also with notice of the conditions expressed on the message blank. 24 S. W. 86; 64 Tex. 220; 63 Tex. 676; 43 So. 106; 48 So. 712; 50 So. 316.

KIRBY, J., (after stating the facts). It is insisted that appellant was not bound by the printed condition upon the back of the message, requiring that the claim for damages should be presented within sixty days from its transmission, since she had no knowledge of, and did not consent to, it. It is no longer questioned that damages for mental anguish may be recovered by the one suffering it, either the person to whom the message was addressed or by whom it was caused to be sent. 3 Sutherland, Damages, § 975.

John Lavelle, the husband, was appellant's agent, with authority to send or have the message sent to her brother, and he dictated it as desired to the assistant operator, who at his request wrote it out on the usual telegraph blank containing the condition and then read it over to him for his approval.

The second message was sent likewise. If the husband had written the message himself, he would doubtless have used the customary telegraph blank, and without doubt he had the authority to do so, and the operator in writing the message at his request was the agent of the sender, and not of the company.

It is not contended that there was any fraud or concealment practiced upon the husband at the time the message was sent, but only that the actual message, as dictated by and written for him, was read over without the printed conditions upon the back of the blank upon which it was written being called to his attention.

Appellant's husband, in thus sending the message, authorized the writing of it upon the blank as it was written, and the fact that his attention was not called to the printed condi-

·tions on the back thereof, and ·they were not read over to him at the time the dictated message was read for his approval, does not show any fraud or concealment upon the part of the operator by which he was in any way misled.

It has often been held that the stipulation for notice of a claim for damages within sixty days from the transmission of the message is reasonable, and the company can require messages sent subject to it and refuse to send them otherwise, and the husband, plaintiff's agent, having authority to write the message himself and preferring to do it by the hand of the operator under his direction, bound her thereby to the same extent as if he had himself written and signed the message upon the blank upon which it was written. *Western Union Tel. Co.* v. *Dougherty,* 54 Ark. 221; *Western Union Tel. Co.* v. *Moxley,* 80 Ark. 554; *Western Union Tel. Co.* v. *Prevatt,* 149 Ala. 617, 43 So. 106; *Western Union Tel. Co.* v. *Benson,* (Ala.) 48 So. 712; *Gulf, C. & S. F. Ry. Co.* v. *Geer,* 24 S. W. (Tex.) 86.

The sendee of the messages received both of them more than thirty days before the expiration of the sixty-day limit, and there was plenty of time after their delivery to comply with this reasonable stipulation.

There being no dispute as to facts, the verdict was properly directed. The judgment is affirmed.