ANTONE KEETING, Respondent, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

Kansas City Court of Appeals, November 25, 1912.

1. **TELEGRAPH AND TELEPHONES:** Messages Undelivered: Penalty. Plaintiff, a passenger on a Wabash railroad train, arrived at his destination, went into the office of the defendant to send a message, signed a blank and paid the charges, saying that he wanted it sent to Keytesville. The place he had in mind was a city of that name and not the defendant's station, which had the same name, and was a mile distant from the city of Keytesville. The message was undelivered, and plaintiff recovered in the lower court the penalty for such neglect as provided by Sec. 3330, R. S. 1909. *Held*, defendant rendered itself liable for the penalty as provided by the statute.

2. ————: Delivery: Rules. The receipt of the message and the charges collected by the operator imposed upon the company the duty to forward the message to its station, and where the station is more than one mile from the telegram's destination the message must be delivered by mail as provided by the company's own rules.

3. ————: Agent: Transmission of Telegrams. Operator is the agent of the person who dictates the contents of a telegram to him, but he is not his agent in receiving and transmitting it to the addressee, but is the agent of the company.

Appeal from Chariton Circuit Court.—*Hon. Fred Lamb*, Judge.

AFFIRMED.

*Geo. H. Fearons* and *F. S. Hudson* for appellant.

*John D. Taylor* for respondent.

BROADDUS, P. J.—This suit was instituted by plaintiff against defendant to recover the penalty provided by Section 3330 of the Revised Statutes of 1909, for its alleged failure to properly transmit a message alleged to have been received at Brunswick to be transmitted to Keytesville, Missouri.

Plaintiff, a resident of Keytesville, on the 7th day of February, 1912, was a passenger on the Wabash railroad train from Salisbury, his destination being Carrollton. He had purchased a ticket for passage from Salisbury to Brunswick, and when the train stopped there he got off and went into the depot and said to the defendant's operator, "I want to send a message to Mrs. Keeting at Keytesville, Missouri, saying, I will be home in the morning," to which the operator replied, "Write it out," and plaintiff then said "I ain't got much time;" that thereupon the agent handed him the usual blank, saying, "Sign this," that he signed it, which the operator received with twenty-five cents, the established toll from appellant's Bruns-

wick office to its office in Keytesville. Keytesville is not on the railroad, but is situated about two miles from the Keytesville railroad station. The defendant does not maintain an office at Keytesville. However, there is a line between the two points which is operated by another company, but operated in connection with and is a connecting carrier of the defendant, and which charges a separate toll for the services over its line between Keytesville and Keytesville Station.

It was admitted that the rules and regulations of the company in force at the time in question show that the regular rate between Brunswick and Keytesville Station was twenty-five cents for messages of ten words or less, and from the station to the city of Keytesville, ten cents additional for such messages; and that the line from Keytesville Station to the city of Keytesville was a private line, owned by private individuals, and maintained separate and apart from the defendant company.

The finding and judgment were for the plaintiff and defendant appealed.

The defendant contends that plaintiff failed to make out a case in three particulars, viz.: First, that plaintiff was compelled under the statute to send his message under the rules and regulations of the company, which requires the payment of all tolls in advance. Second, that the man at Brunswick, to whom plaintiff gave twenty-five cents and the signed blank message, was his agent and not the agent of defendant. Third, that if he only intended to send the message to Keytesville Station, then he failed to provide for its delivery beyond the free delivery limits.

Rule 51 of the company was also introduced in evidence, which reads as follows: "If the sending office is unable to collect, or if a reply from the sending office to the notice be not promptly received, a copy of the message will be mailed to the addressee, and

if another copy be afterwards delivered, the word 'duplicate' will be plainly written across its face.''

We do not think the first objection has any basis whatever, as it was shown that the plaintiff paid to defendant's operator the toll the operator demanded for transmission of the message. The third objection raises the question whether he intended to send the message only to Keytesville Station, if so, he failed to make provision for its delivery at Keytesville, which is beyond the free delivery limits.

Among the conditions in the contract, as evidenced by the telegraph blank furnished in evidence, is the following: ''Messages will be delivered within one-half mile of the company's office in towns of 5000 population or less, and within one mile of such office in other cities or towns. Beyond these limits the company does not undertake to make delivery, but will, without liability, at the sender's request, as his agent and at his expense, endeavor to contract for him for such delivery at a reasonable rate.''

The receipt of the message and twenty-five cents by the operator imposed upon the company the duty of forwarding the message to the Keytesville Station. Keytesville, being more than one mile beyond the company's free delivery limits, it was not bound to deliver by hand to the connecting line the message at Keytesville, as the sender did not so request and did not pay the expense of such delivery. But he paid the full price for its delivery by mail, as provided by defendant's rule 51 for the delivery of messages to addressees outside of the free delivery limits.

The remaining proposition of defendant is, that plaintiff made the operator at Brunswick his agent in filling out the telegram blank and filing it for transmission to the addressee. In Alabama it is held, that where the sender of a telegraph message dictated it to be written down by the defendant's operator, he made the operator his agent for that purpose. [West-

ern Union Telegraph Co. v. Prevatt, 43 S. R. 106; Same v. Benson, 48 S. R. 713; Same v. Jackson, 50 S. R. 316, and so it is held in Texas; Same v. Edsell, 63 Texas, 668; Same v. Foster, 64 Texas, 220, and the same is held in Arkansas, Lavelle v. Western Union Telegraph Co., 145 S. W. 205.]

There is no question raised in this case of any mistake made by the operator as to the correctness of the message to be delivered, but a failure to deliver. Notwithstanding the operator was the agent of plaintiff in writing the message at his dictation, he was not his agent in receiving and transmitting it to the addressee, but was the agent of the defendant. As to that matter, there can be no reason for dispute.

On the case made out, defendant rendered itself liable for the penalty provided for in Section 3330. Affirmed. All concur.