**ALLIETT & WILLIAMS,**
**Plaintiff-Respondent-Appellant,**

v.

**TRI–CITY CONSTRUCTION COMPANY,**
**Defendant-Appellant-Respondent.**

**No. WD 36093.**

Missouri Court of Appeals,
Western District.

July 9, 1985.

Michael W. Manners, Independence, Solbert M. Wasserstrom, Kansas City, for plaintiff-respondent-appellant, Alliett & Williams.

Harold L. Fridkin, Richard D. Rhyne, Jeffrey D. Fridkin, Kansas City, for defendant-appellant-respondent, Tri-City Const. Co.

Before BERREY, P.J., and DIXON and KENNEDY, JJ.

KENNEDY, Judge.

This is an attempted appeal by Tri-City Construction Company from an order of the trial court confirming an arbitrators' award of $511,415.42 in favor of Alliett & Williams, and an attempted cross-appeal by Alliett & Williams from the assumed decision of the trial court to deny to Alliett & Williams interest on the arbitrators' award from the time of its entry down to the time of the court's judgment confirming the award. We say "assumed", because the fact is that the court's order was silent on the issue of award-to-judgment interest, although such relief had been requested by Alliett & Williams' motion to confirm the award.

It is of course elementary that a judgment to be appealable must be final,

**288**

by which is meant it must dispose of all the parties and all the issues in the case. *Goldberg v. Mos,* 631 S.W.2d 342 (Mo.1982); *Bennett v. Wood,* 239 S.W.2d 325 (Mo. 1951); *Zink v. Employers Mutual Liability Co.,* 686 S.W.2d 58 (Mo.App.1985); Section 511.020, RSMo 1978. Failure to dispose of all issues renders the judgment non-final and non-appealable, and we have no jurisdiction of the appeal. We are unable to find any case where any appellate court has ever treated a judgment's silence on an issue as constituting a disposition of that issue except, perhaps, in a case where a ruling on one issue necessarily constituted a ruling on another, e.g., *Skatoff v. Alfend,* 411 S.W.2d 169 (Mo.1966); *Glick v. Glick,* 372 S.W.2d 912 (Mo.1963); *Highland Inn Corp. v. American Landmark Corp.,* 650 S.W.2d 667 (Mo.App.1983); *State ex rel. Igoe v. Bradford,* 611 S.W.2d 343 (Mo.App.1980); *Staples v. Dent,* 220 S.W.2d 791 (Mo.App.1949).

We must dismiss the appeal.

Upon the judgment's becoming final, if the parties refile their appeal, they may follow the procedure for expedition thereof which is suggested in *New Style Homes, Inc. v. Fletcher,* 600 S.W.2d 634 (Mo.App. 1980).

So ordered.

All concur.