Tonya GREENWOOD, Mary Ellen Keene, Next Friend for Jay Greenwood, a minor, and Mary Ellen Keene, individually, Respondents,

v.

BANK OF ILLMO, a banking corporation, Appellant.

No. 15263.

Missouri Court of Appeals,
Southern District,
Division One.

June 30, 1988.

Albert C. Lowes, Lowes & Drusch, Cape Girardeau, for appellant.

Jim S. Green, Sikeston, for respondents.

CROW, Chief Judge.

Bank of Illmo ("the Bank") appeals from a "Summary Judgment for Plaintiffs." As explained *infra*, we are compelled to dismiss the appeal.

On October 23, 1981, Mary Ellen Keene deposited $6,500 in the Bank, whereupon the Bank, at Mary's direction, issued a certificate of deposit bearing interest at a specified rate and maturing April 23, 1984. The certificate named as depositors: "Mary Ellen Keene or Tonya Greenwood or Jay Greenwood JWROS." Tonya Greenwood is a daughter of Mary; according to Mary, Tonya was 19 years of age when the certificate was issued. Jay Greenwood is a son of Mary; Jay was 14 years of age when the certificate was issued.

On April 23, 1984, the date the certificate matured, Mary and Tonya went to the Bank; Mary presented the certificate for payment. On that date, Mary was delinquent on several notes to the Bank, the unpaid principal amount of which, in the aggregate, exceeded $47,000. The president of the Bank informed Mary that the proceeds of the certificate were going to be applied against one of her unpaid notes "that had been charged off as a loss."

The proceeds of the certificate—with accrued interest they amounted to $8,745.34 —were immediately placed by the Bank in an account designated: "Escrow, Greenwood-Keene." On June 18, 1984, the escrow account, enhanced by additional interest of $673.39 earned since April 23, 1984, was applied by the Bank against one of Mary's delinquent notes.

Shortly thereafter, Mary, Tonya and Jay (by his next friend, Mary), filed suit against the Bank. Their first amended petition— pending when summary judgment was entered—averred that Mary had "no interest in all or any part of" the certificate, and

that her name was "simply placed on the Certificate as a parent of the other named plaintiffs in case something should have happened to the other named plaintiffs." The first amended petition further pled that although requested to do so, the Bank had never returned the certificate to the plaintiffs and had refused to cash it, and that the Bank, without the knowledge or consent of the plaintiffs, had unlawfully taken the certificate and converted it to the Bank's own use. Plaintiffs prayed for actual damages of $10,000, plus interest "as allowable by law," and for punitive damages of $100,000.

In a counterclaim against Mary (alone), the Bank sought damages in the aggregate amount owed by Mary on her delinquent notes, together with punitive damages for certain alleged "willful, wanton and malicious actions."

Plaintiffs, in a motion for summary judgment filed *prior* to the Bank's counterclaim, prayed the trial court for judgment "granting the relief requested in Plaintiff's [sic] Petition against the ... Bank...."

The Bank, in a motion for summary judgment filed (as best we can determine) after the filing of its counterclaim, prayed the trial court for judgment in the Bank's favor "and against the Plaintiffs with respect to the issue of [the Bank's] right to set off the funds in [the] Certificate of Deposit ... against the individual debts of Mary Ellen Keene."

The trial court ultimately entered summary judgment providing, in pertinent part:

"... the Court ... finds the Plaintiffs are entitled to a Summary Judgment as a matter of law and the [Bank] is not entitled to Motion for Summary Judgment.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the [Bank's] Motion for Summary Judgment be and is hereby denied and the Plaintiffs' Motion for Summary Judgment be and the same is hereby granted; the Plaintiffs have and recover from the [Bank] the Certificate of Deposit in the principal amount of $6,500.00 and all interest at the contracted rate of the said Certificate (15.4% per annum) as con-

tracted for in the said Certificate from date of the said Certificate (October 23, 1981); and Plaintiffs recover their costs and charges in this behalf expended...."

The Bank appeals from the above judgment.

No issue as to appealability of the judgment was raised by any party prior to argument and submission of the appeal. Thereafter, however, this Court, *sua sponte*, noted the question of appealability, as is our duty. *First State Bank of Caruthersville v. Blades*, 680 S.W.2d 441, 441–42[1] (Mo.App.1984); *Killian Construction Co. v. Tri–City Construction Co.*, 632 S.W.2d 49, 50[1] (Mo.App.1982); *International Harvester Credit Corp. v. Formento*, 621 S.W.2d 90, 91[1] (Mo.App. 1981). Unless the judgment be appealable, we are without jurisdiction to entertain the appeal. *Serfass v. Warner*, 707 S.W.2d 448, 449[1] (Mo.App.1986). We invited the parties to address the appealability issue in supplemental briefing, which they have now done.

As a general rule, for the purpose of appeal a judgment must be a final judgment and must ordinarily dispose of all parties and all issues in the case. *Stith v. St. Louis Public Service Co.*, 363 Mo. 442, 251 S.W.2d 693, 695[2] (Mo.1952); *Deeds v. Foster*, 235 S.W.2d 262, 265[4] (Mo.1951). Exceptions existed, however, under former Rule 81.06, Missouri Rules of Civil Procedure (18th ed. 1987), which was in effect when the Bank filed its notice of appeal on June 19, 1987. Rule 81.06 has since been repealed, effective January 1, 1988. Page 299, Missouri Rules of Civil Procedure (19th ed. 1988); paragraph 8, Order of Supreme Court of Missouri en banc, p. XXXIV, 727–728 S.W.2d (Missouri cases).

Former Rule 81.06 provided:

"When a separate trial of any claim, counterclaim or third-party claim is ordered in any case and a jury trial thereof is had, the separate judgment entered upon the verdict therein shall be deemed a final judgment for the purposes of appeal within the meaning of Section 512.020, RSMo. When a separate trial is had before the court without a jury of claims arising out of the same transac-

tions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless specifically so designated by the court in the judgment entered. However, when a separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims, or third-party claims are determined...."

As explained in *Speck v. Union Electric Co.*, 731 S.W.2d 16 (Mo. banc 1987), under the *second* sentence of former Rule 81.06 a trial court had discretion to determine whether to allow an appeal when a separate trial was had before the court *without a jury* of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case. *Id.* at 20[1]. If the trial court designated such a judgment as final for the purpose of appeal, it was appealable so long as such designation was not an abuse of the trial court's discretion. *Id.* at 20–22. The Supreme Court in *Speck* carefully pointed out that the second sentence of former Rule 81.06 applied only where a separate trial was had before the court without a jury of claims *arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case. Id.* at 20–21. The *third* sentence of former Rule 81.06 applied when a separate trial was had before the court *without a jury* of an *entirely separate and independent claim unrelated to any other claims stated or joined in the case.* In such an instance, the judgment was automatically deemed

final and appealable unless the trial court ordered such judgment entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims, or third-party claims were determined. *Id.* at 21 n. 3.

In the instant case, the alleged conduct by the Bank on which plaintiffs based their averment that they were entitled to punitive damages was the same conduct on which plaintiffs based their averment that they were entitled to actual damages. Indeed, plaintiffs' first amended petition did not separate the claims for the two types of damage into separate counts. There was but one set of factual allegations followed by one prayer, requesting both actual and punitive damages.

We hold that plaintiffs' claim for punitive damages arose out of the same transaction, occurrence and subject matter as their claim for actual damages. That being so, appealability of the summary judgment is governed by the second sentence of former Rule 81.06 (assuming such rule applies, even though now repealed), so far as *plaintiffs'* claims are concerned.[1] As shall become apparent *infra*, we need not determine whether it is the second sentence or the third sentence of former Rule 81.06 that governs appealability so far as the Bank's counterclaim is concerned.

The summary judgment, while awarding plaintiffs actual damages, leaves their prayer for punitive damages unmentioned. Furthermore, it obviously fails to adjudicate the Bank's counterclaim.

 The first issue we invited the parties to address in their supplemental briefs was whether we should construe the judgment's silence on plaintiffs' claim for punitive damages as (1) a *denial* of such claim, or (2) a judgment disposing of *only* plaintiffs' claim for actual damages, leaving the punitive damages claim unadjudicated.

The closest Missouri case on that issue is *Alliett & Williams v. Tri-City Construction Co.*, 694 S.W.2d 287 (Mo.App.1985).

---

1. A hearing on a motion for summary judgment is a separate trial before the court without a jury within the meaning of former Rule 81.06; consequently, such court could, if otherwise proper under former Rule 81.06, designate a judgment entered on the motion as a final judgment for purpose of appeal. *Bell v. Garcia,* 639 S.W.2d 185, 188–89[4] (Mo.App.1982); *Title Insurance Corp. of St. Louis v. United States,* 432 S.W.2d 787, 790 (Mo.App.1968).

There, the defendant appealed from a trial court order confirming an arbitration award of some $511,000 in favor of the plaintiff, and the plaintiff filed a cross-appeal from the assumed decision of the trial court to deny the plaintiff interest on the arbitration award from the time of its entry to the time of the trial court's order confirming the award. The order was silent on the issue of award-to-judgment interest, although such relief had been requested by the plaintiff's motion to confirm the award. The Western District of this Court declared it was unable to find any case where any appellate court had ever treated a judgment's silence on an issue as constituting a disposition of that issue except, perhaps, in a case where a ruling on one issue necessarily constituted a ruling on another.[2] *Id.* at 288. Therefore, held the Western District, the trial court's order failed to dispose of the issue of award-to-judgment interest, thereby rendering the judgment "non-final and non-appealable." *Id.* The appeals were dismissed.

The Bank, in its supplemental brief, concedes that if the summary judgment in the instant case resolves only the question of actual damages sought by plaintiffs, "the issue of punitives remains and the judgment is not final, requiring the appeal to be dismissed." The Bank, however, suggests it would be proper for us to treat the judgment's silence regarding plaintiffs' claim for punitive damages as an "implication that punitive damages have been denied." The Bank argues, "Failing to timely object that the judgment does not dispose of [plaintiffs'] claim should be seen as an acquiescence in the implication that the claim was resolved against [them]." The Bank cites no authority for such hypothesis, and we find none.

In harmony with *Alliett,* we hold that a judgment's silence on an issue should not be deemed a disposition of such issue except in circumstances where a ruling on another issue necessarily constitutes a ruling on the ignored issue. Accordingly, we hold that the summary judgment in the instant case leaves the issue of plaintiffs' entitlement to punitive damages unadjudicated.

Nowhere in the summary judgment before us did the trial court designate it as final for purpose of appeal. Therefore, the failure of the judgment to dispose of the issue of plaintiffs' entitlement, if any, to punitive damages, renders the judgment unappealable under the authorities cited above—if appealability is governed by former Rule 81.06—and we need not determine whether it would have been an abuse of discretion had the trial court designated the judgment final for purpose of appeal under the second sentence of former Rule 81.06. We likewise need not determine whether the failure of the judgment to adjudicate the Bank's counterclaim would (if that were the only omission) have rendered the judgment unappealable under former Rule 81.06.[3]

As emphasized earlier, although the notice of appeal in the instant case was filed prior to the effective date of the repeal of former Rule 81.06, the repeal became effective while the appeal was pending. We therefore invited the parties to address the issue of whether appealability was governed by former Rule 81.06. Neither side offered anything helpful on that issue.

On January 1, 1988, the effective date of the repeal of former Rule 81.06, no new rule, similarly numbered, replaced it.

**2.** An example of a case where a ruling on one issue would necessarily constitute a ruling on another would be where actual and punitive damages were sought and a judgment denied actual damages without mentioning punitive damages. As there can be no recovery of punitive damages if there are no actual damages, *Koenig v. Skaggs,* 400 S.W.2d 63, 68[6] (Mo. 1966), a denial of actual damages would necessarily constitute a denial of punitive damages.

**3.** If failure to adjudicate the Bank's counterclaim were the only oversight in the summary judgment, it could have been argued that the plaintiffs' claims against the Bank were entirely separate, independent, and unrelated to the Bank's counterclaim, as the counterclaim was against Mary Ellen Keene alone and sought actual damages in the aggregate amount owed by her on her delinquent notes and punitive damages for alleged misconduct unrelated to the certificate of deposit of October 23, 1981, hence the judgment was appealable under the *third* sentence of former Rule 81.06. We express no view on the merit of such an argument.

There was, however, a new Rule 74.01 that became effective January 1, 1988. Paragraph "(b)" of new Rule 74.01 provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

It appears logic would dictate that appealability is governed by former Rule 81.-06 rather than new Rule 74.01(b); however, we do not have to decide that issue. New Rule 74.01(b) authorizes a trial court to enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. No such determination appears in the summary judgment in the instant case. Consequently, even if the issue of appealability were governed by new Rule 74.01(b), the summary judgment would be unappealable because of the absence of a determination that there was no just reason for delay. *Cf. Bi–State Development Agency v. Peckham*, 747 S.W.2d 332, 333–34[1] (Mo.App.1988).

As the summary judgment in the instant case is unappealable under either former Rule 81.06 or new Rule 74.01(b), it follows that we must dismiss the appeal.

Appeal dismissed.

GREENE, P.J., and HOLSTEIN, J., concur.