**HAMPTON FOODS, INC.,**
Plaintiff/Appellant,

v.

**WETTERAU FINANCE COMPANY,**
Celeste and Helen Shifrin,
Defendants/Respondents.

No. 55735.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 17, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 15, 1989.

John A. Walsh, Jr., St. Louis, for plaintiff/appellant.

Michael M. Flavin, Patrick W. Fitzgerald, Joseph L. Leritz, Joseph E. Denigan, and Thomas Joseph Plunkert, St. Louis, for defendants/respondents.

GARY M. GAERTNER, Presiding Judge.

Plaintiff/appellant, Hampton Foods, Inc., appeals from orders of the circuit court granting partial summary judgment in favor of defendants/respondents Wetterau Finance Company and Celeste and Helen Shifrin, on the issue of projected future lost profits. Appellant relies on two points in this appeal. First, appellant asserts that this court has jurisdiction to review the circuit court's orders granting partial summary judgment. Secondly, appellant asserts as error the circuit court's orders granting partial summary judgment as to projected future lost profits based on collateral estoppel. Appellant's second point on appeal need not be addressed on the

merits due to this court's lack of jurisdiction. We dismiss.

The record reveals that appellant operated a grocery store in a leased building at 5418 Hampton Avenue in the City of St. Louis. The building was owned by respondents Celeste and Helen Shifrin, leased to respondent Wetterau Finance, and in turn subleased to appellant Hampton Foods. In the summer of 1980, the building partially collapsed. Appellant's business was interrupted and eventually closed permanently as a result of the building's loss of structural integrity. In 1981, appellant brought an action in federal court for breach of an insurance contract against Aetna Casualty and Surety Company. One of the contested issues in the Aetna case was whether appellant could recover projected future lost profits based on an expert's hypothesis. The court held that "the projections of the expert witness were far too speculative to justify allowing the plaintiff to recover for projected lost profits." *Hampton Foods, Inc. v. Aetna Casualty and Surety Company*, 601 F.Supp. 58, 60 (E.D.Mo. 1984).

Upon appellant's motion for reconsideration, the court remained unconvinced that Hampton Foods could have generated profits in the years following the interruption and subsequent close of business. On appeal, the court affirmed the denial of projected future lost profits. *Hampton Foods, Inc. v. Aetna Casualty and Surety Company*, 787 F.2d 349, 353 (8th Cir.1986).

In 1981, appellant also brought a cause of action for breach of contract and intentional tort against respondents Wetterau Finance and the Shifrins, in the Circuit Court of the City of St. Louis. Appellant again asserted, among other claims, a claim for projected future lost profits. Wetterau moved for partial summary judgment on that issue, arguing that Hampton Foods was collaterally estopped from relitigating an issue fully adjudicated in the *Aetna* case. The circuit court granted Wetterau's motion and designated the ruling an appealable order.

Appellant then moved for a "rehearing and reconsideration, for new trial or for leave to reopen for presentation of additional evidence". The court granted a rehearing at which additional evidence was introduced. On January 30, 1987, the court again granted partial summary judgment in favor of Wetterau on the issue of projected future lost profits. This order was not designated as final, nor did the court make an express finding that there was no just reason for delay.

Subsequently, defendants/respondents Celeste and Helen Shifrin, moved for partial summary judgment on the same issue. The Shifrins argued that appellant was collaterally estopped from again raising that issue because it had been fully adjudicated in the federal courts. On January 6, 1988, the circuit court granted partial summary judgment in favor of the Shifrins. Thereafter both respondents filed motions to dismiss the remainder of appellant's claims. On October 20, 1988, respondents' motions were sustained and appellant's claims were dismissed without prejudice with leave to refile. Additional facts will be set forth as warranted by our discussion of the issues.

A reading of appellant's first point on appeal discloses that appellant attempts to invoke the jurisdiction of this court to review a partial disposition of their cause of action in the circuit court. We find appellant's point and argument without merit. With certain exceptions, this court has jurisdiction only of appeals from final judgments. RSMo section 512.020 (1986): *Ritter v. Aetna Casualty and Surety Company*, 686 S.W.2d 563 (Mo.App., S.D.1985). "As a general rule, for purposes of appeal a judgment must be a final judgment and must ordinarily dispose of all parties and all issues in the case." *Greenwood v. Bank of Illmo*, 753 S.W.2d 637, 638 (Mo. App., S.D.1988). An order of summary judgment which does not resolve all the issues in a case is nonappealable. *Bell v. Garcia*, 639 S.W.2d 185, 188 (Mo.App., E.D. 1982).

The pertinent statute and rules relating to this point are RSMo section 512.020 (1986) and former Rule 81.06 (repealed effective Jan. 1, 1988) and current Rule 74.01 (effective Jan. 1, 1988). Section 512.020 is

relevant here only for its statement of the general rule that an aggrieved party may appeal only from a final judgment. Rule 81.06 and 74.01 more specifically define when a judgment is final for purposes of appeal within the present factual setting.

Rule 41.06 of Missouri Rules of Civil Procedure provides that, "Rules 41 to 101, inclusive, shall govern all proceedings in actions brought after their effective date, and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the Rules take effect would not be feasible or would work injustice, in which event the former procedure applies." This case was initiated in 1981 when former Rule 81.06 determined when a judgment was final for purposes of appeal. On January 1, 1988, Rule 81.06 was replaced by current Rule 74.01. The partial summary judgment granted in favor of respondent, Wetterau Finance Co., occurred prior to the effective date of Rule 74.01 and is clearly governed by Rule 81.06. However, the partial summary judgment granted in favor of respondents Celeste and Helen Shifrin occurred after the effective date of Rule 74.01. On the facts of this case, we find it is feasible and does not work an injustice to apply Rule 74.01 to the Shifrin's summary judgment.

■ Rule 81.06 provides in pertinent part: "When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless specifically so designated by the court in the judgment entered."[1] Appellant's claim for projected future lost profits arose from the same transaction and occurrence, the collapse of the leased building, as appellant's other claims. The trial court judge dismissed, without prejudice and with leave to refile,

appellant's remaining claims. Thus, interconnected issues, such as whether Wetterau was liable for any of the losses sustained by appellant, have been left unadjudicated. Additionally, the order of partial summary judgment entered January 30, 1987, was not designated by the circuit court as final for purposes of appeal. Therefore, the failure of the judgment to dispose of all issues presented by appellant renders the judgment in favor of Wetterau nonappealable under Rule 81.06 (1987 Supp.). *Greenwood v. Bank of Illmo*, 753 S.W.2d 637, 640 (Mo.App., S.D.1988).

■ Rule 74.01 provides in pertinent part, "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Rule 74.01(b) (1988 Supp.).

Obviously, this rule authorizes a trial court to enter a final judgment as to one or more but fewer than all of the claims in a case only upon an express determination that there is no just reason for delay. *Greenwood*, 753 S.W.2d 637, 641. The circuit court in the present case made no such determination in the order of partial summary judgment dated January 6, 1988. In the absence of a determination that there is no just reason for delay, the order of partial summary judgment entered by the circuit court in favor of the Shifrins is not appealable.

---

**1.** A hearing on a motion for summary judgment is a separate trial for purposes of former Rule

81.06. *Bell v. Garcia*, 639 S.W.2d 185, 189.

Finding this court without jurisdiction, we dismiss.

REINHARD and CRIST, JJ., concur.